Cheryl A. **KNIGHT**, Plaintiff,

v.

The **PILLSBURY COMPANY**,
Defendant.

No. TH 88–14–C.

United States District Court,
S.D. Indiana,
Terre Haute Division.

April 27, 1990.

Christopher B. Gambill, Effner Wagner & Crawford, Terre Haute, Ind., for plaintiff.

David N. Shane and Hudnall A. Pfeiffer, Baker & Daniels, Indianapolis, Ind., and Edna C. Brazaitis, Minneapolis, Minn., for defendant.

## MEMORANDUM

BROOKS, Chief Judge.

This matter comes before the Court upon defendant, the Pillsbury Company's, Motion for Summary Judgment. The defendant believes that the plaintiff's claim is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and that Indiana common law does not recognize the plaintiff's claim. The plaintiff disagrees with both assertions.

On March 10, 1988 the defendant filed a Motion to Dismiss Count I of the plaintiff's Complaint. Thereafter, on July 25, 1988, the defendant's Motion to Dismiss was granted and judgment was entered in favor of the defendant. On July 28, 1988 the plaintiff filed a Motion for a new trial based upon the Supreme Court's decision in *Lingle v. Norge Division, Magic Chef,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410, which found that section 301 of the Labor Management Relations Act did not always preempt certain state causes of action. The Court granted the plaintiff's Motion for New Trial and the Court's previous judgment was set aside. This matter deals with a subsequent summary judgment motion filed by defendant on August 1, 1989.

The plaintiff was first hired by Pillsbury on May 21, 1979 to work in the Pillsbury Plant located in Terre Haute, Indiana. The plaintiff worked as a member of the sanitation crew. Production and maintenance employees at the Terre Haute Plant, including the plaintiff, were represented by the American Federation of Grain Millers, Local 331, and their employment was subject to the labor contract between Pillsbury and the Union. As part of the labor contract, Pillsbury and the Union had negotiated a light duty program. The program permitted light duty work and full pay to employees who otherwise would have been off work due to injury.

On August 28, 1985 the plaintiff was injured while operating a floor scrubber. On September 4, 1985 the plaintiff visited the company physician, Dr. Grace L. Walker, regarding the injury. Dr. Walker diagnosed the injury as back strain and reported that the plaintiff could return to work immediately, with no restrictions. Four days later, the plaintiff had a second appointment with Dr. Walker who at that time diagnosed the injury as back pain. Dr. Walker's Physician's Report stated that plaintiff could return to light duty work immediately. Between September 9, 1985 and December 13, 1985, the plaintiff visited either Dr. Walker or other physicians on at least twelve separate occasions. On two occasions, the physicians kept Knight off work for three days; on the rest of these occasions, the physicians placed the plaintiff on either light or regular duty. On January 13, 1986, the plaintiff informed Pillsbury that she was resigning effective January 21, 1986.

The plaintiff alleges that she was being forced to do work that she was incapable of doing, that she was harassed into doing jobs she was incapable of doing, all with the knowledge of the management personnel of Pillsbury. The plaintiff feels these actions constitute a claim of constructive retaliatory discharge. The defendant feels that there are several reasons why it is entitled to summary judgment on the plaintiff's claim. It feels the plaintiff's claim is preempted by federal labor law because the claim involved an agreement collectively bargained by defendant and the Union. Once preempted, the claim fails both because she failed to exhaust the grievance remedy available to her and because her claim is barred by the applicable statute of limitations. Even ignoring preemption, the defendant believes that the claim is not recognized under Indiana state law because Indiana has not recognized constructive retaliatory discharge as an exception to the employment-at-will doctrine.

In determining whether Ms. Knight's state-based claim for constructive retaliatory discharge is preempted by section 301, our analysis must be governed by the holding of the Supreme Court of the United States in *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). "An application of state law is preempted by § 301 ... only if such application requires the interpretation

of a collective-bargaining agreement." *Lingle* at 413, 108 S.Ct. at 1885.

As noted in *Douglas v. American Information Technologies Corp.*, 877 F.2d 565, 569 (7th Cir.1989), "this approach is straightforward because the policy concern requiring preemption in the Section 301 context is also straightforward. Federal Labor policy mandates that uniform federal law be the basis for interpreting collective bargaining agreements." This policy prevents the possibility "that individual contract terms might have different meanings under state and federal law." *Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103, 82 S.Ct. 571, 576, 7 L.Ed.2d 593 (1962).

However, as the Seventh Circuit noted in *Douglas* at 569–70 (footnotes omitted):

[F]ederal labor policy does not prevent states from providing workers with substantive rights independent of the collective bargaining relationship. *See Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 [105 S.Ct. 1904, 1911, 85 L.Ed.2d 206] (1985). Indeed, in *Lingle*, the Court made it clear that, so long as a state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for the purposes of section 301. 486 U.S. at 410 [108 S.Ct. at 1883]. Thus, "§ 301 preempts state law only insofar as resolution of the state-law claim requires the interpretation of a collective-bargaining agreement." *Id.* at 409 N. 8 [108 S.Ct. at 1883]. The mere fact that the state law analysis might require the state court to focus on the same facts that would control resolution of an employee's contractual remedy is not enough to require preemption of the state-law claim. *Id.* at 409 [108 S.Ct. at 1883]. If adjudication of the state-law claim does not require a court to interpret any terms of a collective bargaining agreement, then that state-law claim is not preempted by Section 301.

The next step must be to analyze the elements of the state-based cause of action for constructive retaliatory discharge so that we may determine whether adjudication of such a claim would require an inter-pretation of the collective bargaining agreement. In doing so, the Court is immediately confronted with the defendant's second request for summary judgment, that is, its claim that Indiana does not recognize constructive retaliatory discharge.

Generally, in Indiana where employment is at-will, an employer may discharge an employee for any cause or no cause at all without incurring liability. *Campbell v. Eli Lilly & Co.*, (1980), Ind.App., 413 N.E.2d 1054. In *Frampton v. Central Indiana Gas Co.*, (1973), 297 N.E.2d 425, the Indiana Supreme Court created a limited public policy exception to the employment-at-will doctrine, allowing a state cause of action for retaliatory discharge for an employee who files a worker's compensation claim. The Court held that the Worker's Compensation Statute created a public policy in favor of an employee filing a workmen's compensation claim. In *McClanahan v. Remington Freight Lines*, 517 N.E.2d 390 (Ind.1988), the exception was extended to a case where an employee was discharged for refusing to drive an overweight truck over public highways, an illegal act for which he could incur personal penal sanctions. The *McClanahan* court described the *Frampton* exception as separate but tightly defined and stated that generally it would not be applied in the absence of a statute defining public policy. *Wilmington v. Harvest Insurance Companies*, 521 N.E.2d 953 (Ind.App. 1 Dist. 1988). The Indiana Supreme Court in *Morgan Driveaway, Inc. v. Brant*, 489 N.E.2d 933 (Ind.1986) discussed the *Frampton* exception to the employment-at-will doctrine and whether it could be extended to cover other situations.

Since *Frampton*, however, Indiana courts have refused to recognize retaliatory discharge actions in cases not involving workmen's compensation claims. *Martin v. Platt*, (1979) [179] Ind.App. [688], 386 N.E.2d 1026, denied an action for retaliatory discharge where terminated employees claimed that their discharge was in retaliation for having represented to a company official that their immediate supervisor had solicited and

received illegal "kickbacks" from Company suppliers. *McQueeney v. Glenn* (1980) Ind.App., 400 N.E.2d 806, *cert. denied* (1981), 449 U.S. 1125 [101 S.Ct. 943, 67 L.Ed.2d 112], rejected plaintiff's contention that termination because of her marriage constituted actionable retaliatory discharge. *Campbell v. Eli Lilly Co.*, (1980) Ind.App., 413 N.E.2d 1054, affirmed summary judgment against an employee who claimed that his discharge was in retaliation for charging the employer with practices contrary to the federal drug regulatory rules and regulations.

The employment at will doctrine has steadfastly been recognized and enforced as the public policy of this State. *See,* discussion in *Campbell, supra,* 413 N.E.2d at 1060. Revision or rejection of the doctrine is better left to the legislature. We, therefore, decline this opportunity to extend *Frampton* to the facts of this instant case.

*Morgan Driveaway,* 489 N.E.2d at 934.

The plaintiff feels that the public policy goals in *Frampton* protect employees in Indiana from employers who take untoward actions toward their employees in retaliation of said employees being injured on the job and attempting to receive their due under the Indiana Workmen's Compensation Act. The plaintiff alleges that Pillsbury's management took action with the purpose of forcing the plaintiff's resignation or forcing her to return to regular duty so that the defendant would not have to provide benefits under the Indiana Workmen's Compensation Act. The plaintiff feels that the public policy goals set forth in *Frampton* clearly cover such a situation. The defendant feels that *Frampton* should not be extended to apply to this case.

This Court concludes that the *Frampton* exception is not applicable in this case and therefore the plaintiff's claim is not assignable under Indiana Law. First, in *Frampton,* the Indiana Supreme Court made clear that the basis for its creation of a public policy exception was the fact that the plaintiff was a "remediless" employee-at-will.

*Frampton,* 297 N.E.2d at 428. On this basis, the Seventh Circuit in *Vantine v. Elkhart Brass Mfg. Co., Inc.,* 762 F.2d 511, 517 (7th Cir.1985) held that "... because the goals and policies of the Indiana Workmen's Compensation Act are protected by the collective bargaining agreement, *Frampton* does not apply to employees covered by collective bargaining agreements." The plaintiff feels that the *Lingle* decision clearly overturns *Vantine* which may or may not be the case. That decision need not be made by this Court at this time. The analysis of whether Indiana would recognize a cause of action in tort for the retaliatory discharge of an employee covered by a collective bargaining agreement is completely unrelated to or unaffected by *Lingle.* The plaintiff was covered by a collective bargaining agreement and therefore could not be considered a remediless person. We, therefore, conclude that the *Frampton* exception cannot apply in this case.

Secondly, the Indiana Supreme Court has clearly left the extension of the *Frampton* exception to the employment-at-will doctrine to the Indiana legislature. As set forth in *Morgan Driveaway v. Brant,* 489 N.E.2d 933, the Indiana courts have had several opportunities to extend or expand the exception to cover other types of individuals. The Courts have steadfastly refused to extend the exception beyond the narrow boundaries set forth in *Frampton* and *McClanahan.* If Indiana's narrowly tailored exceptions to the employment-at-will doctrine are to be expanded, the expansion must come from the Indiana judiciary or legislature.

This Court, therefore, holds that the plaintiff's Claim of Constructive Retaliation Discharge is not cognizable under Indiana law. As a result, the matter of whether the case is preempted by § 301 becomes moot because the plaintiff has no underlying state cause of action to be preempted.

The Court, being duly advised of the premises, GRANTS the defendant, The Pillsbury Company's, Motion for Summary Judgment. Judgment is entered in favor of the defendant on the ground that there

is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.

IT IS SO ORDERED.