David B. RICE, Appellant
(Plaintiff Below),

v.

GRANT COUNTY BOARD OF COMMIS-
SIONERS, Grant County Highway De-
partment, Paul Holman, Glen Rotzroth,
Ralph Riley, Paul Baker, C. Mark Har-
ris, and Lloyd A. Embree, Appellees
(Defendants Below).

No. 2–584 A 128.

Court of Appeals of Indiana,
Second District.

Dec. 27, 1984.

Kenneth J. Light, Muncie, for appellant.

Albert C. Harker, Marion, for appellees.

SHIELDS, Judge.

David B. Rice (Rice) appeals the trial court's grant of summary judgment upholding the Grant County Board of Commissioner's (Grant County) termination of Rice's employment in the county highway department.

Rice raises two issues for review:

1) whether employment at will is an affirmative defense which must be raised in responsive pleadings; and

2) whether Rice's discharge fell within an alleged public policy exception to the employment at will doctrine.

We affirm.

## FACTS

In his complaint for wrongful discharge, Rice alleged "[t]hat plaintiff had been employed by the Grant County Highway Department to repair and maintain the highways of Grant County;" and "[t]hat the plaintiff's job or employment is recognized as either a 'property interest' or 'liberty interest,' or both ...." Record at 10. In its answer, Grant County admitted Rice's employment but denied Rice's employment was either a property or liberty interest. Grant County also sought dismissal of Rice's complaint for failure to state a claim upon which relief could be granted under Ind. Rules of Procedure, Trial Rule 12(B)(6). Grant County subsequently filed a motion for summary judgment together with a supporting affidavit stating Rice was hired as an employee at will. After a hearing and consideration of Rice's deposition, the trial court granted summary judgment in favor of Grant County.

Rice does not dispute he was an employee at will at the time of his dismissal. Rather, he first argues employment at will is an affirmative defense not specifically pled in Grant County's answer and therefore outside the permissible scope of consideration by the trial court.

■ The determination of whether Rice's employment status was an affirmative defense depends upon whether his employment status was a necessary element of his prima facie case for wrongful discharge. See 2A J. Moore, *Moore's Federal Practice*, ¶ 8.27[3] (2d ed. 1984). As explained in 2A J. Moore, *supra*, at ¶ 8.19[1],

"a defense that merely controverts plaintiff's prima facie case is negative in character and is made ... by the denial of some or all of the averments upon which plaintiff relies. An affirmative defense, on the other hand, is avoiding in nature in that it raises matter outside the scope of plaintiff's prima facie case ... and must be set forth affirmatively."

*Id.* at 8–220—8–221. Accordingly, an affirmative defense is one upon which the proponent bears the burden of proof and which, in effect, *admits* the essential allegations of the complaint but asserts additional matter barring relief. Ind. Rules of Procedure, Trial Rule 8(C).

■ Under Indiana law, if the tenure of employment is indefinite or cannot be determined from the terms of the contract, the employment is one at will and may be terminated at any time at the election of either party; the employer may terminate the employment for any cause or for no cause at all. *E.g., Mead Johnson & Co. v. Oppenheimer*, 458 N.E.2d 668 (Ind.App. 1984); *Pepsi-Cola General Bottlers v. Woods*, 440 N.E.2d 696 (Ind.App.1982). Consequently, in order to successfully maintain an action for wrongful discharge, Rice would be required to present evidence of a specific duration of employment as part of his prima facie case.

■ In the instant case, Grant County's uncontroverted assertion in its affidavit supporting its motion for summary judg-

ment that Rice's employment was at will *denied* an essential element of Rice's prima facie case, *i.e.,* that an employment contract for a definite time existed between the parties. Rice's status as an employee at will was not an affirmative defense and, therefore, was properly within the trial court's consideration.

■ Rice alternatively argues the conduct which prompted his termination of employment fell under an alleged public policy exception to the employment at will doctrine. As originally formulated by our supreme court in *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425, 428 (1973), the exception is recognized "when an employee is discharged solely for exercising a statutorily conferred right." In *Frampton,* an employee at will was subjected to a retaliatory discharge for filing a workman's compensation claim pursuant to the Workman's Compensation statutes. In addition, the discharge was found to violate a statutory proscription against an employer's use of any device to relieve the employer of liability for workman's compensation. The court held a termination of employment based upon the employee's exercise of the statutory right to file a claim pursuant to the Workman's Compensation Act or the Workmen's Occupational Diseases Act states a claim upon which relief can be granted.

Although the court in *Frampton* spoke in terms of public policy, it did so in the sense of enforcing a specific statutory prohibition against the use of any "device" to relieve an employer of its obligation under the Workmen's Compensation Act. An attempt to declare any discharge unlawful where the reason for the discharge is contrary to general public policy was specifically rejected in *Martin v. Platt,* 179 Ind. App. 688, 386 N.E.2d 1026 (1979) (employee reported kickbacks to superiors) and in *Campbell v. Eli Lilly & Co.,* 413 N.E.2d 1054 (Ind.App.1980) (employee reported misconduct of superiors and allegedly unsafe drugs). Such a broad exception was left for legislative expression of what constitutes public policy or which of competing public policies should be given precedence. *Martin,* 386 N.E.2d at 1028.

Therefore, a cause of action under the *Frampton* rule must allege the discharge of an employee at will was in retaliation either for fulfilling a statutorily imposed duty or exercising a statutorily conferred *personal* right. *Campbell,* 413 N.E.2d at 1061. In the instant case, Rice was discharged after having driven a county highway department truck outside the county limits and down an unpaved road, where the truck became stuck in the mud and was subsequently towed at county expense. Although Rice alleges his conduct was reasonable under the Indiana general traffic statutes because the main road was partially blocked by another automobile at his usual turn around point, the general traffic laws do not confer a right or duty upon Rice to proceed outside the county line, to drive his truck in the mud, or to incur county expense for towing. Grant County's discharge for Rice did not amount to a retaliatory discharge for the exercise of a personal statutory right.

Judgment affirmed.

BUCHANAN, C.J., concurs.

SULLIVAN, J., concurs in result.