MORGAN DRIVE AWAY, INC.,
Appellant (Defendant Below),

v.

Marion R. BRANT, Appellee
(Plaintiff Below).

No. 20S03–8603–CV–00225.

Supreme Court of Indiana.

March 6, 1986.

Richard W. Morgan, Lynn C. Tyler, Barnes & Thornburg, South Bend, for appellant.

Timothy W. Woods, South Bend, for appellee.

DICKSON, Justice.

For approximately ten (10) years, Brant had performed services for Morgan pursuant to a series of contracts. Following a dispute between the parties, Brant had filed a small claims action demanding payment for services. When Morgan then refused to further utilize Brant's services, Brant brought suit, alleging that his. termination was a wrongful retaliatory discharge. At trial, the jury was not required to determine whether Brant was an employee or an independent contractor, and awarded compensatory and punitive damages to Brant.

The Court of Appeals, Third District, reversed, holding Brant's action for retaliatory discharge to be available only if Brant were an employee, but not if he were an independent contractor. *Morgan Drive Away, Inc. v. Brant* (1985), Ind.App., 479 N.E.2d 1336. In reaching this decision, the Court of Appeals also held that termination of an employee solely for filing an action for payment of wages pursuant to Ind. Code § 22–2–4–4 would violate the rule of *Frampton v. Central Ind. Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425.

Both Brant and Morgan now petition for transfer. The central issue raised by each party is whether the rule announced in *Frampton* should apply to the facts of the instant case. Brant urges that it applies to him regardless whether he was an employee or an independent contractor. Morgan argues that it is available in neither instance.

The plaintiff in *Frampton* brought a damage action against her employer alleging that she was discharged in retaliation for asserting claims for workmen's compensation benefits. After reviewing the purpose and role of the workmen's compensation statutes and noting the statutory prohibition against any device which oper-

ates to relieve the employer of obligations created by the Workmen's Compensation Act, the court held the threat of discharge to be a prohibited "device." This was an issue of first impression, and the well-reasoned *Frampton* decision serves as a milestone in the march of Indiana common law.

The issue now presented derives from the following additional observations which embellished the *Frampton* opinion:

> We agree with the Court of Appeals that, under ordinary circumstances, an employee at will may be discharged without cause. However, when an employee is discharged solely for exercising a statutorily conferred right an exception to the general rule must be recognized.

297 N.E.2d at 428.

Since *Frampton*, however, Indiana courts have refused to recognize retaliatory discharge actions in cases not involving workmen's compensation claims. *Martin v. Platt* (1979), 179 Ind.App. 688, 386 N.E.2d 1026, denied an action for retaliatory discharge where terminated employees claimed that their discharge was in retaliation for having reported to a company official that their immediate superior had solicited and received illegal "kickbacks" from company suppliers. *McQueeney v. Glenn* (1980), Ind.App., 400 N.E.2d 806, *cert. denied* (1981), 449 U.S. 1125, 101 S.Ct. 943, 67 L.Ed.2d 112, rejected plaintiff's contention that termination because of her marriage constituted actionable retaliatory discharge. *Campbell v. Eli Lilly and Co.* (1980), Ind.App., 413 N.E.2d 1054, affirmed summary judgment against an employee who claimed that his discharge was in retaliation for charging the employer with practices contrary to the federal drug regulatory scheme and regulations.

■ The employment at will doctrine has steadfastly been recognized and enforced as the public policy of this State. See, discussion in *Campbell, supra,* 413 N.E.2d at 1060. Revision or rejection of the doctrine is better left to the legislature. We therefore decline this opportunity to extend *Frampton* to the facts of the instant case.

■ Transfer is granted and the opinion of the Court of Appeals is hereby vacated. In view of our decision that Brant's allegations do not entitle him to an action for retaliatory discharge, we need not consider the other issues presented. In the event Brant is found to be an independent contractor, he may still be entitled to contract damages for Morgan's failure to provide ten days notice prior to termination of the contract. Therefore, the cause is now remanded to the trial court for a new trial.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

The right of workers to access to courts to recover wages due from employers for work done is not only statutory in the sense that it is recognized by statute, but it is statutory also in the sense that it is given a special protected status. It is this special protected status which elevates this right to that level at which it is every bit the equivalent of the right of injured workers to access to the workmen's compensation board, and should compel this court to declare that discharge for exercising it constitutes the separate wrong of retaliatory discharge. *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425.

This special protected status stems from I.C. 22–2–4–4 which provides that a breach of the legal duty to pay wages by employer results in an exposure to daily penalties, payment of attorney fees, and collection without relief. The special concern for this right can also be seen in I.C. 22–2–4–1 which declares that contracts for less than regular, expeditious payment of wages are void. This special status has roots in our recent history and in the ever present temptation to withhold wages to discipline. This is a bread and butter issue like the one considered in *Frampton* and should receive like treatment. I would return this case for trial upon alternative claims of breach of contract and retaliatory discharge.