**Juanita E. REEDER–BAKER, Plaintiff,**

v.

**LINCOLN NATIONAL CORPORATION, Defendant.**

Civ. No. F 86–26.

United States District Court, N.D. Indiana, Fort Wayne Division.

Oct. 1, 1986.

Ernest M. Beal, Jr. and Carol J. Bradley, Fort Wayne, Ind., for plaintiff.

N. Reed Silliman and Lisa T. Hamilton, Fort Wayne, Ind., for defendant.

#### ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on defendant Lincoln National Corporation's motion to dismiss Count III of plaintiff's com-

plaint, filed on June 16, 1986. Count III is a pendent state law claim for retaliatory discharge. Plaintiff filed a response to the motion on July 17, 1986. A reply brief was filed on August 22, 1986. For the reasons set forth below defendant's motion is granted.

### Facts

Plaintiff Juanita E. Reeder-Baker (plaintiff) filed a complaint on January 10, 1986, seeking declaratory, injunctive, compensatory, and other relief for alleged violations of Title VII, 42 U.S.C. § 2000e, *et seq.;* 42 U.S.C. § 1981; and Indiana common law. Plaintiff is a former employee of Lincoln National Corporation. On February 12, 1985 plaintiff filed a charge with the Fort Wayne Metropolitan Human Relations Commission and the United States Equal Employment Opportunity Commission alleging race and color discrimination. Plaintiff was fired on August 22, 1985. Count III alleges that this firing was in retaliation for the charges she filed. Defendant argues that a recent clarification of Indiana law, regarding retaliatory discharge claims brought by at will employees, mandates dismissal of Count III.

### Decision

In deciding a motion to dismiss for failure to state a claim, this court must take the well pleaded factual allegations of plaintiff's complaint as true. *Ashbrook v. Hoffman,* 617 F.2d 474 (7th Cir.1980). A complaint should be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984). This court must consider the complaint in the light most favorable to the plaintiff and must resolve every reasonable doubt in favor of the claimant. *Henry C. Beck Co. v. Fort Wayne Structural Steel,* 701 F.2d 1221 (7th Cir.1983).

■ In Indiana an at will employee may be terminated at any time for any reason. *Hamblen v. Danners, Inc.,* 478 N.E.2d 926,

928 (Ind.App.1985); *Mead Johnson & Co. v. Oppenheimer,* 458 N.E.2d 668, 670 (Ind. App.1984). Defendant contends that plaintiff was an at will employee. Plaintiff does not argue otherwise; rather, plaintiff argues that her action for retaliatory discharge is within the public policy exception first enunciated in *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973).

In *Frampton,* the plaintiff brought a damage action against her employer alleging that she was retaliatorily discharged for asserting a claim for workmen's compensation benefits. *Id.* 297 N.E.2d at 426. The court noted that workmen's compensation statutes provide an exclusive remedy for those covered, and that if employees are penalized for filing claims by being discharged the public policy benefits of workmen's compensation will be undermined. *Id.* 297 N.E.2d at 427. The court went on to recognize that the Workmen's Compensation Act provided that no "device" shall relieve an employer from obligations created by the Act. *Id.* Holding that the threat of discharge was a "device" within the framework of the Act the court stated, "[r]etaliatory discharge for filing a workmen's compensation claim is a wrongful, unconscionable act and should be actionable in a court of law." *Id.* 297 N.E.2d at 428. The court went on to state:

> We agree with the Court of Appeals that, under ordinary circumstances, an employee at-will may be discharged without cause. However, *when an employee is discharged for exercising a statutorily conferred right* an exception to the general rule must be recognized.

*Id.* (emphasis added). Plaintiff argues that she was discharged for filing a discrimination claim (a statutorily conferred right—42 U.S.C. § 2000e–5(b)), thus invoking the *Frampton* exception.

In a recent Indiana Supreme Court case the *Frampton* exception was examined in the context of a claim of retaliatory discharge brought by a serviceman, whose services were terminated after he filed a small claims action demanding payment for

past work. *Morgan Drive Away, Inc. v. Brant*, 489 N.E.2d 933 (Ind.1986). The court held that the *Frampton* exception to the at will doctrine should not be applied, even though the plaintiff was fired for exercising a statutory right (filing a small claims action). *Id.* at 934. The court reasoned that:

> The employment at will doctrine has steadfastly been recognized and enforced as the public policy of this state. *See,* discussion in *Campbell,* [*v. Eli Lilly and Co.,*], *supra,* 413 N.E.2d [1054] at 1060 [1980]. Revision or rejection of the doctrine is better left to the legislature. We therefore decline this opportunity to extend *Frampton* to the facts of the instant case.

*Id.* The court's only apparent reason for its refusal to "extend *Frampton*" was the reluctance on the part of Indiana's appellate courts (*see Martin v. Platt*, 179 Ind. App. 688, 386 N.E.2d 1026 (1979); *McQueeney v. Glenn*, 400 N.E.2d 806 (Ind.App. 1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 943, 67 L.Ed.2d 112 (1981); *Campbell v. Eli Lilly and Co.,* 413 N.E.2d 1054 (Ind. App.1980); and *Rice v. Grant County Bd. of Com'rs,* 472 N.E.2d 213 (Ind.App.1984)), to apply *Frampton* to "cases not involving workmen's compensation claims." *Id.* As defendant points out, if *Brant* is read narrowly the *Frampton* exception would only apply to retaliatory discharge actions involving workmen's compensation claims. Under this narrow reading of *Brant,* Count III would have to be dismissed.

Plaintiff argues, however, that *Brant* is distinguishable from this case because Brant's claim for retaliatory discharge was not supported by a statutory provision specifically prohibiting retaliatory discharge. But *Brant* cannot be distinguished on that basis alone. To distinguish it solely on that basis would completely ignore the court's recognition that retaliation discharge actions have not been recognized in cases that do not involve workmen's compensation. If the Indiana Supreme Court had denied Brant's claim solely because the statute he sued under, I.C. 22-2-4-4, did not prohibit retaliatory discharge, there would have been no reason to recognize the reluctance of appellate courts to extend *Frampton* exception to cases not involving workmen's compensation. Furthermore, extending the *Frampton* exception to this case simply because the plaintiff was allegedly fired for exercising a statutorily conferred right would ignore the focus of the Indiana Supreme Court's holding in *Frampton.*

The focus in *Frampton* was the difficult position employees were put in by the threat of being fired for filing a claim for workmen's compensation. The court noted that because of the fear of discharge employees " ... will not file claims for justly deserved compensation—opting, instead, to continue their employment without incident." *Frampton,* 297 N.E.2d at 427. Absent a cause of action for retaliatory discharge employers can coerce their employees and undermine the purpose of workmen's compensation. *Id.* For that reason the court made an exception to the at will doctrine. In the case at bar there is no coercive power held by Lincoln National Corporation, since the plaintiff has an action under 42 U.S.C. § 2000e–3 for unlawful employment practices, including retaliatory discharge. While the *Brant* opinion does not mention this point it has been recognized in the context of retaliatory discharge claims brought by employees who are covered by collective bargaining agreements.

In *Lamb v. Briggs Mfg., A Div. of Celotex Corp.,* 700 F.2d 1092 (7th Cir.1983), the Seventh Circuit, construing an Illinois Supreme Court decision very similar to *Frampton,* held that there is no separate tort cause of action for an employee covered by a collective bargaining agreement because the plaintiff is not in the same dilemma as a plaintiff without a collective bargaining agreement. The plaintiff may simply pursue contractual remedies or use the tool of arbitration, alleging that his discharge was without just cause. *Id.* at 1094. Citing *Lamb,* the court in *Vantine v. Elkhart Brass Mfg. Co., Inc.,* 572 F.Supp. 636, 648–49 (N.D.Ind.1983), *aff'd,*

762 F.2d 511 (7th Cir.1985), held that *Frampton* should not be extended where the existence of a collective bargaining agreement provided the plaintiff with a remedy for an unjust discharge. While *Lamb* and *Vantine* are distinguishable in that they involve collective bargaining agreements, through which courts encourage the resolution of differences through grievance and arbitration, they emphasize the important point that the *Frampton* exception to the at will doctrine was intended to protect an employee without a remedy. That consideration is not present here, where plaintiff does have available remedies.

Throughout her brief plaintiff quotes extensively from *Moffett v. Gene B. Glick Co., Inc.*, 604 F.Supp. 229 (N.D.Ind.1984) and *Moffett v. Gene B. Glick Co., Inc.*, 621 F.Supp. 244 (N.D.Ind.1985). Those decisions were handed down by this court before the Indiana Supreme Court decided *Brant*. In those cases this court held that a plaintiff's retaliatory discharge claim was within the *Frampton* exception, in an action alleging Title VII and § 1981 violations. This court relied on the language in *Frampton* which stated that "when an employee is discharged for exercising a statutorily conferred right an exception to the general rule must be recognized." *Glick*, 604 F.Supp. at 238. In *Brant*, however, as noted earlier, that language was obviously restricted. The plaintiff in *Brant*, like the plaintiff in *Glick*, was discharged for exercising a statutorily conferred right. Nevertheless, the court declined to apply the exception, thus restricting the meaning of its previous holding in *Frampton*.

 It is well settled that federal courts exercising pendent jurisdiction over a state claim must apply the law as that law would be applied by the state's highest court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Since the law related to the *Frampton* exception has changed, this court's analysis of that law must also change. Hence, this court's previous holdings in the two *Glick* cases, to the extent that they recognize a state claim for the retaliatory discharge of an at will employee in the context of a Title VII action, are hereby overruled.

It is not entirely clear whether the *Brant* case limits the *Frampton* exception to cases involving workmen's compensation, or whether it merely recognizes that the exception may not be recognized in some cases, even when the plaintiff is allegedly fired for exercising a statutorily conferred right. Either way Count III must fail. This case does not involve workmen's compensation. Beyond that the plaintiff has remedies to challenge her discharge apart from her pendent state claim, thus obviating the need for the *Frampton* exception.

Accordingly, Count III of plaintiff's complaint is hereby DISMISSED.