Kathryn CALL, Appellant
(Plaintiff Below),

v.

SCOTT BRASS, INC., Appellee
(Defendant Below).

No. 75A04–8906–CV–241.

Court of Appeals of Indiana,
Fourth District.

May 9, 1990.

Joseph V. Simeri, Rebecca Hoyt Fischer, Kramer, Butler, Simeri, Konopa & Laderer, South Bend, for appellant.

Kathleen K. Brickley, Scott A. Moorman, Barnes & Thornburg, South Bend, for appellee.

CHEZEM, Presiding Judge.

### Case Summary

Appellant, Call, appeals the trial court's entry of summary judgment in favor of Appellee, Scott Brass. We reverse.

### Issue

Whether the I.C. 34–4–29–1 is the exclusive remedy for an at will employee who is discharged for compliance with a summons to appear for jury service.

### Facts

Call was the Corporate Human Resource Manager for Scott Brass. On October 30, 1986, Call received a summons to appear for jury duty commencing November 3, 1986. After receiving the summons, Call was allegedly told by the plant manager that if she complied with the summons and appeared for jury duty, her employment with Scott Brass would be terminated.

Call appeared for jury duty on November 3, 1986 in compliance with the summons. On November 13, 1986, Scott Brass terminated Call's employment.

On March 9, 1987, Call filed a complaint in the St. Joseph Superior Court against Scott Brass alleging that she was terminated from her position as Corporate Human Resource Manager because she complied with her statutory duty to appear for jury service. In her complaint, Call sought back pay, lost benefits, future lost wages, punitive damages and costs.

On April 1, 1987, Scott Brass filed a motion to dismiss, pursuant to Ind. Trial Rule 12(B)(6), claiming that Call's action was barred since she failed to bring her claim within ninety (90) days as is prescribed by I.C. 34–4–29–1. The St. Joseph Superior Court denied the motion to dismiss and found that I.C. 34–4–29–1 was not Call's exclusive remedy; the court found that Call could bring an action for wrongful discharge pursuant to the public policy exception to the general rule that an at will employee may be terminated for any reason by the employer.[1]

On August 27, 1987, the case was venued to the Starke Circuit Court. Scott Brass filed a motion for summary judgment. On March 7, 1989, the Starke Circuit Court granted the motion and entered judgment against Call on her complaint; the court found that I.C. 34–4–29–1 was her exclusive remedy and that she had not filed her claim within the required ninety (90) days.

### Discussion and Decision

I.C. 35–44–3–10 reads as follows:

A person who knowingly or intentionally:

(1) dismisses his employee;

(2) deprives his employee of employment benefits; or

(3) threatens such a dismissal or deprivation;

because the employee has received or responded to a summons, served as a juror, or attended court for prospective jury service commits interference with jury service, a class B misdemeanor.

*Id.*

I.C. 34–4–29–1 reads as follows:

A person who is dismissed from their employment in violation of I.C. 35–44–3–10 may bring a civil action, within ninety [90] days of their dismissal, against the employer who dismissed him:

(1) To recover the wages he lost as a result of the dismissal; and

(2) To obtain an order requiring reinstatement by the employer.

If the person obtains a judgment against the employer, the court shall award a reasonable attorney's fee to the person's attorney.

*Id.*[2]

### A

Call argues that I.C. 34–4–29–1 was not intended by the legislature to be an exclusive remedy for persons terminated from their employment for their compliance with a jury summons; thus, the Starke Circuit Court erred in finding that Call's statutory remedy was exclusive. Call contends that the public policy exception set forth in *Frampton v. Central Indiana Gas Co.*

---

1. Our Supreme Court enunciated the exception to the general rule in *Frampton v. Central Indiana Gas Company* (1973), 260 Ind. 249, 297 N.E.2d 425, and *McClanahan v. Remington Freight Lines* (1988), Ind., 517 N.E.2d 390.

2. Both I.C. 35–44–3–10 and 34–4–29–1 were passed by the legislature in 1977 and went into effect on October 1, 1977. *See* Acts 1977, P.L. 26.

(1973), 260 Ind. 249, 297 N.E.2d 425, and *McClanahan v. Remington Freight Lines* (1988), Ind., 517 N.E.2d 390, should apply to at will employees who are terminated for complying with their statutory duty of jury service. Scott Brass counters that neither *Frampton* nor *McClanahan* apply to this case and that the remedy provided for in I.C. 34–4–29–1 is exclusive.

Call argues that, absent a clear indication of the legislature's intent to abrogate existing common law remedies, statutory remedies are presumed to supplement common law remedies. *Drinkwalter v. Shipton Supply Co., Inc.* (1987), 225 Mont. 380, 732 P.2d 1335.

■ In Indiana, when the legislature enacts a statute which creates a right, which did not exist previously, and prescribes a remedy for the infringement of that right, the statutory remedy is exclusive. *Public Service Commission v. City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308; *City of Fort Wayne v. Bishop* (1950), 228 Ind. 304, 92 N.E.2d 544; *Environmental Properties v. City of Fort Wayne* (1978), 178 Ind.App. 645, 383 N.E.2d 481; *Richmond Power & Light v. Indiana & Michigan Electric Co.* (1976), 170 Ind.App. 458, 353 N.E.2d 467. Thus, the critical issue in this case is which came first: the judicially created *Frampton–McClanahan* public policy cause of action or the statutory cause of action?

*McClanahan* was not decided until 1988. Therefore, it is necessary to determine whether the Supreme Court created the cause of action in *Frampton*, or whether *Frampton* was a case limited to its facts until the Supreme Court expanded upon it in *McClanahan*. If the former is correct, then the statute is not exclusive. *See Drinkwalter*, 732 P.2d at 1338. If the latter is correct, then the statute is Call's exclusive remedy. *Environmental Properties*, 178 Ind.App. at 648, 383 N.E.2d at 484.

■ Generally, employees who are not employed for a specific duration are pre-sumed to be employees at will whose employment may be terminated by either party at any time and for any reason. *Streckfus v. Gardenside Terrace Cooperative, Inc.* (1987), Ind., 504 N.E.2d 273. Both parties admit that Call was an at will employee.

■ In *Frampton*, an at will employee, was terminated from her employment after she filed a worker's compensation claim against her employer. The Supreme Court held that the employee could bring a claim for retaliatory discharge against an employer if the employee was discharged for exercising a statutorily conferred right. *Id.*, 260 Ind. at 253, 297 N.E.2d at 428.

In 1979, the Third District suggested that a person could maintain an action for retalitory discharge if the employee had been terminated from his employment for exercising a statutory right *or* refusing to violate a statutory duty. *Martin v. Platt* (1979), 179 Ind.App. 688, 386 N.E.2d 1026 (citing *Nees v. Hocks* (1975), 272 Or. 210, 536 P.2d 512; *Petermann v. International Brotherhood of Teamsters* (1959), 174 Cal. App.2d 184, 344 P.2d 25). That suggestion was confirmed by the First District in *Campbell v. Eli Lilly & Co.* (1980), Ind. App., 413 N.E.2d 1054.

Judge Neal wrote as follows:

We conclude from *Frampton* that in order to fall within a recognized exception to the employment at will rule a plaintiff must demonstrate that he was discharged in retaliation for either having exercised a statutorily conferred personal right *or having fulfilled a statutorily imposed duty in order to state a claim upon which relief may be granted* . . .

*Campbell* at 1061 (emphasis added).[3]

The Supreme Court used the rationale of *Martin* and *Campbell* in *McClanahan v. Remington Freight Lines* (1988), Ind., 517 N.E.2d 390. In that case a truck driver was discharged from his employment when he refused to drive the company truck into Illinois because the weight of the truck

---

**3.** In *Rice v. Grant County Board of Commissioners* (1984), Ind.App., 472 N.E.2d 213, the Second District followed the position taken by the First District in *Campbell.*

exceeded the maximum weight limit in Illinois. The Supreme Court held that the truck driver stated a cause of action for wrongful discharge since the truck driver was terminated for fulfilling a statutory duty. Chief Justice Shepard wrote as follows:

> We agree with the Court of Appeals that firing an employee for refusing to commit an illegal act for which he would be personally liable is as much a violation of public policy declared by the legislature as firing an employee for filing a workmen's compensation claim. A separate but tightly defined exception to the employment at will doctrine is appropriate under these facts.

*Id.* at 392 (emphasis added).

Even though a *Frampton* cause of action was not extended beyond the facts of that case until *McClanahan* in 1988, Call argues that the cause of action existed in 1973. Call relies upon the observation by Chief Justice Shepard in *McClanahan* that, not since *Frampton* had the appellate courts been confronted with a situation where the employee proved that he had been terminated for exercising a statutory right. *McClanahan* at 392; Call argues that the statement implies that had such a case arisen prior to *McClanahan*, the extension would have been made earlier.

Scott Brass argues that the Indiana Supreme Court addressed a case where a public policy exception was advanced by one of the litigants and rejected as late as 1986—seven (7) years after I.C. 34-4-29-1 was adopted. *See Morgan Drive Away, Inc. v. Brant* (1986), Ind., 489 N.E.2d 933. Therefore, Scott Brass argues, the relief

which Call seeks to bring was not a common law tort remedy in 1977.

Although the opinion of the Supreme Court in *Frampton* only addressed discharges in retaliation for the filing of a worker's compensation claim, the court did not hold that only employees discharged under the same circumstances could obtain relief. Furthermore, no Indiana appellate court subsequently interpreting *Frampton* has restricted that decision in the manner advanced by Scott Brass. *See Hamblen v. Danners, Inc.* (1985), Ind.App., 478 N.E.2d 926; *Rice v. Grant County Board of Commissioners* (1984), Ind., 472 N.E.2d 213; *Campbell v. Eli Lilly & Co.*, 413 N.E.2d 1054; *Scott v. Union Tank Car Co.* (1980), Ind.App., 402 N.E.2d 992; *Martin v. Platt*, 179 Ind.App. 688, 386 N.E.2d 1026; *but cf. Lawson v. Haven Hubbard Homes, Inc. d/b/a Hamilton Grove* (1990), Ind.App., 551 N.E.2d 855.[4]

Contrary to Scott Brass' argument, in *Morgan Drive Away* the Supreme Court did not reject a public policy exception such as was later adopted in *McClanahan*. In that case, Brant had been hired pursuant to several contracts. Thus, it was doubtful that Brant was an employee at all, much less at will. Furthermore, the court only stated that it was declining to extend *Frampton* to the "facts of the *instant* case." *Morgan Drive Away*, 489 N.E.2d at 933. Brant was not discharged from his "employment" for exercising a statutory right or fulfilling a statutory duty.[5] Brant was allegedly discharged after he filed a complaint against Morgan Drive Away in small claims court for uncompensated services which had been performed by Brant. Therefore, the holding in *Morgan Drive*

---

**4.** The majority in *Lawson* held that *Morgan Drive Away* restricted a *Frampton* cause of action to terminations in response to an employee filing a worker's compensation claim. We disagree. *See Lawson*, (Chezem, P.J., dissenting).

**5.** Scott Brass argued at oral argument that Judge Lee, of the Federal District Court for the Northern District of Indiana, intially agreed with Call's interpretation of *Frampton* in *Moffett v. Gene B. Glick Co., Inc.* (1984), (N.D. Ind.), 604 F.Supp. 229, but reversed himself two (2) years later in *Reeder–Baker v. Lincoln National Corp.* (N.D.1986), 644 F.Supp. 983 based upon the

Indiana Supreme Court's holding in *Morgan Drive Away*. Judge Lee reasoned that Brant was exercising a statutory right, so the Supreme Court must have intended that *Frampton* be limited to its facts. *Reeder–Baker* at 985. We interpret *Morgan Drive Away* differently. As stated above, Brant was not exercising a statutory right. Rather, he brought a common law breach of contract action. The mere fact that he brought in a statutorily created court (small claims court) does not render the right exercised a statutory one.

*Away* is consistent with the prior decisions interpreting *Frampton;*[6] it does not support Scott Brass' argument that the Supreme Court rejected an expansive reading of *Frampton.*

Likewise, Scott Brass' argument that the Supreme Court created a new cause of action in *McClanahan* is not correct. The court merely adopted and applied the Court of Appeals' interpretation of *Frampton. See Hamblen,* 478 N.E.2d at 929; *Rice,* 472 N.E.2d at 215; *Campbell,* 413 N.E.2d at 1061; *Martin,* 179 Ind.App. at 691–692, 386 N.E.2d at 1028.

In a case unrelated to retaliatory discharge, *Vernon Fire & Casualty Insurance Co. v. Sharp* (1976), 264 Ind. 599, 349 N.E.2d 173, the Supreme Court, citing *Frampton,* held that when a statutory scheme exists to protect the public, those who are regulated may not act in an intentional and wrongful manner so as to defeat the purpose of the statutory objective. Since the court cited *Frampton* for that proposition, the court must not have intended that *Frampton* only apply to retaliatory discharge for the filing of a claim for worker's compensation.

Our appellate courts, in the decisions cited above, did not gradually develop the tort of retaliatory discharge; rather, the courts, including the *McClanahan* court, interpreted *Frampton* itself. Therefore, the judicially created remedy for a retaliatory discharge of an employee terminated for complying with a jury summons preceded the statutory remedy, and the statute is not Call's exclusive remedy.

Furthermore, even if the statute had preceded the *Frampton* remedy in this case, we would not be inclined to hold that the statute was exclusive. Other statutes which have exclusive remedies specify their exclusivity in the statute. *See e.g.,* I.C. 22–3–2–6 (Worker's Compensation Act); I.C. 22–3–7–6 (Occupational Diseases Act); I.C. 4–21.5–3–30 (Judicial review of admin-

istrative orders); I.C. 16–9.5–9–2 (Medical Malpractice Act). There is no mention of exclusivity in I.C. 34–4–29–1. Also, since the jury is an indispensable part of our system of justice, we must afford it maximum protection from those who would seek to thwart the selection process.

## B

Scott Brass argues that even if the statute was not intended to be exclusive, Call's cause of action does not fit within the *Frampton–McClanahan* exception to the at will discharge rule. Scott Brass relies upon the statement in *McClanahan* that a "tightly defined exception ... is appropriate under these facts." Scott Brass argues the exception was created because otherwise such employees would be remediless and employers would be able to coerce an employee into engaging in illegal activity without fear of civil retribution; thus, since employees terminated for serving jury duty already have a remedy, there is no need to include such employees into the "tightly defined exception."

Call argues that the remedies set forth in I.C. 34–4–29–1 are different from the remedies in an action for retaliatory discharge. She argues that the primary thrust of the statutory action is the equitable remedy of reinstatement. The purpose of the ninety (90) day limitation period is to place the employer on notice that if he replaces the employee within that time frame, he does so at his own risk; if the employee is ordered reinstated, the employer may have to terminate the replacement employee. Call argues that, under the statutory remedy, she would be required to seek reinstatement along with damages. Since Call does not seek reinstatement, she argues that the statutory remedy is unavailable to her.

Scott Brass counters that litigants need not seek reinstatement in order to obtain relief under the statute. Scott Brass

6. *Morgan Drive Away* is consistent with the prior Court of Appeals cases in that all of them rejected liability predicated upon a generalized violation of public policy *absent a statute* declaring the public policy. *Hamblen v. Danners, Inc.* (1985), Ind.App., 478 N.E.2d 926, 928. Our

courts have consistently held that broad statements of what the public policy is, or which of competing public policies should be given precedence, should be left to the legislature. *Rice v. Grant County Board of Commissioners* (1984), Ind.App., 472 N.E.2d 213, 215.

claims, without citation to authority,[7] in cases involving Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), the federal courts have fashioned remedies such as back pay, plus a reasonable amount of future wages where reinstatement is not a viable alternative.

Scott Brass' reliance upon Title VII and the ADEA is misplaced; both of those statutes set forth the available remedies in the alternative. See 29 U.S.C. § 626(b)–(c); 42 U.S.C. § 2000e–5(g). I.C. 34–4–29–1 does not set forth its remedies in the alternative. Lost wages is listed first and the legislature used the word "and" to connect it with reinstatement. Therefore, we agree with Call that I.C. 34–4–29–1 is principally directed towards effecting the equitable remedy of reinstatement and one seeking relief under that statute may not seek damages in the form of lost wages, either back pay or future wages, apart from reinstatement.

Also, while Scott Brass correctly identifies the underlying public policy behind Frampton and McClanahan, the Supreme Court did not discuss in either case whether the existence of an employee's cause of action would depend upon the employee's inability to obtain a statutory remedy. Furthermore, if public policy is served by creating liability for those who would thwart the jury process by intimidating employees to prevent them from serving, then the threat of common law suits in tort, in addition to the statutory remedy, would only further serve that public policy by deterring such conduct by employers.

Violation of state statutes will not be tolerated, in either criminal or civil forums. A violation of state public policy by employers, as expressed by the statutes enacted by the legislature, should carry with it attendant civil liability where it invades an employee's legally protected interests.

Here, Call alleges in her complaint that she fulfilled a statutory duty to comply with a summons to appear for jury duty[8] and that she was terminated from her employment as a result. Her cause of action fits within the "tightly defined exception" as set forth in McClanahan.

Accordingly, for all of the above reasons, we reverse the judgment of the trial court and remand for further proceedings not inconsistent with this opinion.

CONOVER, J., concurs.

MILLER, J., concurs with separate opinion.

MILLER, Judge, concurring.

I concur in the result, but disagree with the majority's interpretation of Lawson v. Haven Hubbard Homes, Inc. (1990), Ind. App., 551 N.E.2d 855. In Lawson, we held that an at-will employee did not have a cause of action for retaliatory discharge when she was terminated in retaliation for filing an unemployment compensation claim. The majority interprets Lawson to mean that retaliatory discharge actions are restricted to only terminations in response to the employee's filing a workmen's compensation claim. On the contrary, Lawson was limited to its facts. The parties stipulated that Lawson's employment was terminated because she filed for unemployment compensation when her employer refused to permit her to return to work after she had been released to return to work by her doctor following an injury covered by workmen's compensation. We noted that the purpose of permitting the cause of action in workmen's compensation cases was to eliminate "the deleterious effect on the exercise

---

7. Scott Brass did not cite to any authority for that assertion in their briefs. Upon request of this court, Scott Brass submitted authority after oral argument. However, we are not persuaded that the authority is applicable to this case, since as stated below, the federal statutes cited differ from I.C. 34–4–29–1.

8. I.C. 33–4–5–9 authorizes judges to direct the clerk of the circuit court to draw jurors from the names selected by the jury commissioners. The clerk is then directed, by order of the court, to issue summons to those selected for the venire. Jurors so selected and notified are required to serve on the venire for three (3) months, or for a shorter period if a shorter period is specified by a judge's written order. Id.

**1231**

of a statutory right." *Lawson, supra*, at 860. No such deleterious effect was present in Lawson. As we explained:

> If Lawson files for unemployment benefits because her Employer unjustifiably refuses to allow her to return to work, she has not voluntarily left her employment without good cause and she will receive benefits. If she files a claim for unemployment benefits and her Employer fires her in retaliation, she has not been discharged for "just cause" and again, she will receive benefits. *Id.* at 860.

In either situation, Lawson was requesting and entitled to the same benefits. Therefore, there was no deleterious effect on the exercise of her statutory right.

Under the facts in *Lawson*, there was no reason to extend the exception created in *Frampton v. Central Indiana Gas Company* (1973), 260 Ind. 249, 297 N.E.2d 425 and further extended in *McClanahan v. Remington Freight Lines* (1988), Ind., 517 N.E.2d 390. The majority reads *Lawson* too broadly. *Lawson* merely followed the rationale articulated in *Frampton* and *McClanahan*.