Gerald F. SWAN, Appellant–Plaintiff,

v.

TRW, INC., Appellee–Defendant.

No. 79A05–9304–CV–144.

Court of Appeals of Indiana,
Fifth District.

May 31, 1994.

---

Edward Chosnek, Clare M. Sproule, Pearlman & Chosnek, Lafayette, for appellant.

Susan K. Holtberg, John M. Stuckey, Stuart & Branigin, Lafayette, for appellee.

RUCKER, Judge.

Gerald F. Swan was fired from his employment with TRW, Inc., because of his on-the-job gambling activities. Swan sued his former employer alleging wrongful termination and breach of implied covenant of good faith and fair dealing. TRW filed a motion for summary judgment which the trial court granted. Swan now appeals claiming the trial court erred because there exist genuine

issues of material fact which preclude summary judgment.

We disagree and therefore affirm.

■ The facts[1] reveal that Swan began working for TRW in January, 1963. He resigned in December, 1986, to become part owner of a lawn maintenance business located in the state of Florida. In the fall of 1988 Carl Yoder, manager of the production control division of TRW, contacted Swan by telephone regarding re-employment with TRW as a production planner. During the course of the conversation the pair discussed retirement benefits and the cash settlement Swan would receive upon retirement. Subsequently, Swan sold his portion of the lawn care business, returned to Indiana and began working for TRW in January, 1989. Within six months he was promoted from production planner to production supervisor.

In August of 1990, Swan began working part-time, after hours, answering telephones for a professional bookie. In addition he began leaving parlay cards in his car while it was parked on company property for TRW employees to use for gambling. On at least one occasion Swan gave a parlay card to a fellow employee in the company lunch room. On other occasions Swan distributed winnings from the parlay cards to TRW employees while on company property. On November 21, 1990, when confronted by his supervisors, Swan acknowledged working for a bookie after working hours but denied being engaged in gambling activities while on company property. Swan pledged to cease his after hours activities. He was immediately suspended. Approximately one week thereafter Swan was summoned to a meeting with

TRW management personnel and told that he had lost his ability to supervise. He was given the option of resigning or being fired. Swan resigned under protest and filed suit for wrongful termination and breach of implied covenant of good faith and fair dealing. After both sides conducted discovery TRW filed a motion for summary judgment. Finding that Swan was an employee at will, the trial court granted the motion in TRW's favor. Swan now appeals.

■ When reviewing a grant of summary judgment, our well settled standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Montgomery County Farm Bureau Co-op. Ass'n, Inc. v. Deseret Title Holding Corp.* (1987), Ind.App., 513 N.E.2d 193, *reh'g denied.* We must consider the pleadings and evidence sanctioned by Ind.Trial Rule 56(C) without deciding its weight or credibility. Summary judgment should be granted only if such evidence shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. *Howin v. Burger by Burger* (1992), Ind.App., 590 N.E.2d 593 *trans. denied.* All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *Liberty Mutual Ins. Co. v. Metzler* (1992), Ind.App., 586 N.E.2d 897, *trans. denied.*

■ The law in this jurisdiction is well settled that an employee who is not employed for a specific duration is presumed to

---

1. We observe that the parties to this action have not followed the recommended format in designating materials pursuant to Ind.Trial Rule 56(C). Namely, the parties have not clearly and succinctly stated the material factual issues and the pertinent parts of the record relevant to those factual issues in the actual motion for summary judgment or response to the motion. *See Keating v. Burton* (1993), Ind.App., 617 N.E.2d 588, 591, *trans. denied, citing Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431; *see also Czaja v. City of Butler* (1992), Ind.App., 604 N.E.2d 9. Rather, in its motion for summary judgment TRW purportedly "designates" the pleadings and the deposition of Gerald Swan. In its twelve-page memorandum TRW cites to vari-

ous portions of the deposition in support of its argument. In like fashion Swan filed a "Reply Brief" also relying on portions of the same deposition. Because the trial court was apparently apprised of the specific material on which the parties relied either in support of or in opposition to the summary judgment motion, we accept the unorthodox format in this case as substantial compliance with the designation requirement. *See Mid State Bank v. 84 Lumber Co.* (1994), Ind.App., 629 N.E.2d 909. However, to avoid possible future adverse rulings either before the trial court or upon review by this court, counsel would be well advised to comply strictly with the designated evidentiary matter requirement of T.R. 56(C).

be an employee at will whose employment may be terminated by either party at any time for good reason, bad reason, or no reason at all. *See Call v. Scott Brass, Inc.* (1990), Ind.App., 553 N.E.2d 1225, *trans. denied; Hamblen v. Danners, Inc.* (1985), Ind. App., 478 N.E.2d 926; *Mead Johnson and Co. v. Oppenheimer* (1984), Ind.App., 458 N.E.2d 668. However, the employment at will doctrine is a rule of contract construction rather than a rule imposing substantive limitations on the formation of a contract. *Streckfus v. Gardenside Terrace Co-op., Inc.* (1987), Ind., 504 N.E.2d 273. Accordingly, if an employee gives independent consideration for an employment contract, then the employer may terminate the employee only for good cause without incurring liability for its actions. *Speckman v. City of Indianapolis* (1989), Ind., 540 N.E.2d 1189. An example of independent consideration is an employee giving up other employment to accept an offer of a permanent job. More specifically, an employer cannot arbitrarily fire an employee when (1) the employer knows the employee had a former job with assured permanency (or assured non-arbitrary firing policies) and (2) was only accepting the new job upon receiving assurances the new employer could guarantee similar permanency. *Romack v. Public Service Co. of Indiana, Inc.* (1986), Ind.App., 499 N.E.2d 768, 778 (J. Conover, dissenting), *dissenting opinion adopted,* 511 N.E.2d 1024.

In support of its motion for summary judgment TRW relies on a portion of Swan's deposition in which Swan testified that after being contacted by production manager Carl Yoder he jumped at the opportunity to return to work and a "chance" to receive retirement benefits. TRW also directed the trial court's attention to another portion of Swan's deposition in which Swan acknowledged there was no agreement that his employment with TRW was to extend for a particular period of time in the future. According to TRW, this evidence shows that it did not offer Swan permanent employment as an inducement to quit his former job. Thus, the argument continues, Swan gave no independent consideration for an employment contract and therefore was properly terminated as an employee at will.

Swan counters there is a dispute of material fact as to whether TRW offered him permanent employment. In support of his argument Swan also relies on portions of his deposition testimony. Specifically, Swan directed the trial court's attention to testimony that his decision to return to TRW was influenced by more money, retirement, insurance, and health benefits. Swan indicated that he discussed with Carl Yoder the cash settlement he would receive upon retirement. From this evidence Swan suggests a fact finder could reasonably infer that an offer of permanent employment had been made and thus he could not be terminated absent just cause.

Setting aside the question of whether gambling on company property constitutes just cause to terminate an employee, Swan's argument lacks merit. When a party's motion for summary judgment is made and supported by the materials contemplated by Rule 56 demonstrating a lack of any genuine issues of material fact, the non-movant may not rest upon the mere allegations or denials of his pleadings but must respond by appropriate evidence setting forth specific facts to show a genuine issue for trial. *Ramon v. Glenroy Construction Co., Inc.* (1993), Ind.App., 609 N.E.2d 1123, 1127, *trans. denied.* The failure of the non-moving party to offer evidence in opposition to the undisputed facts shown by evidentiary materials or designated facts establishing a question of fact for trial will permit summary judgment to be entered against him. *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1102, *reh'g denied.* In this case, Swan presented no materials to the trial court demonstrating that TRW offered him permanent employment. The prospect of receiving retirement benefits may very well have served as an inducement for Swan to leave his lawn maintenance business for employment with TRW. However, such prospects are not, on the facts before us, transformed into an offer of permanent employment. Indeed, Swan acknowledged there was no agreement that his employment with TRW was to extend for a particular period of time in the future.

In sum, Swan has not shown that he gave independent consideration for an employment contract. Accordingly, he was an employee at will whose employment could be terminated at any time for any reason. The trial court did not err in entering summary judgment in favor of TRW.

Judgment affirmed.

SHARPNACK, C.J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

The majority seemingly premises its affirmance, at least in part, upon Swan's failure to adequately designate portions of the record reflecting the existence of a material fact upon the issues of whether TRW offered Swan permanent employment and whether Swan gave independent consideration for the employment.[2] This determination is puzzling in light of the majority's observations contained in its Footnote 1. There, the majority concludes that *neither* party was in strict compliance with the designation requirements, and although the majority accepts the format used as "substantial compliance with the designation requirement", (Op. at 796, n. 1) the opinion appears to excuse TRW's noncompliance, yet utilizes Swan's non-compliance to affirm the summary judgment.

The majority holds that Swan failed to demonstrate that there was an offer from TRW of permanent employment and that such failure is wholly fatal to Swan's claim. The majority, however, correctly observed that "if an employee gives independent consideration for an employment contract" the employer may not terminate the employee without good cause. Op. at 796. The opinion does not, however, seem to take that factor into consideration as to whether there are any genuine issues of material fact.

Taking into consideration the pleadings and Swan's deposition, TRW has not shown the absence of any genuine issue of a material fact and has not demonstrated that it is entitled to judgment as a matter of law. A reasonable trier of fact could conclude that Swan suffered a detriment when he accepted employment by TRW, thereby giving independent consideration. A fact finder might further conclude that under the circumstances Swan was entitled to rely upon the representations, specifically representations concerning future retirement and pension benefits, as an offer of more than an at-will employment. In my view, there are genuine issues of fact which should result in reversal.

The majority aptly observes that whether Swan's on-site gambling activity constituted grounds for termination is a non-issue. The sole basis for the summary judgment is that Swan was, as a matter of law, an employee at will. Subsumed in that determination are the implicit conclusions that, as a matter of law, Swan did not give independent consideration for the re-hire; that, as a matter of law, TRW did not offer Swan employment expressly or impliedly represented to be for a duration contemplating voluntary retirement; *and* that, as a matter of law, the employee handbook providing for only a three-day suspension for a first violation was not applicable to Swan's employment relationship.

There are genuine issues of fact as to one or more, if not all, of these questions. For this reason I dissent.

---

**2.** My conclusion in this regard is drawn from the majority's statement: "In this case, Swan presented no materials to the trial court demonstrating that TRW offered him permanent employment." Op. at 797.