**BENTZ METAL PRODUCTS COMPANY, INC., Appellant–Defendant,**

v.

**Kermit J. STEPHANS, Appellee–Plaintiff.**

**No. 02A04–9506–CV–212.**

Court of Appeals of Indiana.

Nov. 21, 1995.

Michael A. Scheer, Jeffrey S. Schafer, Gallucci, Hopkins & Theisen, Fort Wayne, for Appellant.

Christopher C. Myers, Myers & Geisleman, Fort Wayne, for Appellee.

## OPINION

RILEY, Judge.

Defendant–Appellant Bentz Metal Products, Inc. (Bentz) filed this interlocutory ap-

peal challenging the denial of its motion to dismiss the claim of Appellee–Plaintiff Kermit J. Stephan. Bentz asks us to decide whether a cause of action for wrongful termination is available to an employee covered by a collective bargaining agreement.

We affirm.

## FACTS

As a Bentz employee, Stephans was a member of the International Union, United Automobile, Aerospace and Agriculture Implement Workers of America, U.A.W., Local # 2298 (the "Union"). In 1990, Bentz and the Union ratified and signed a collective bargaining agreement (the "Agreement") which provides, in part, for grievance procedures to settle "any dispute between an employee or the Union and [Bentz] during the term of the Agreement with respect to pay, wages or any other working condition." (R. at 27–28). The definition of "General Working Conditions" in the Agreement does not include retaliatory discharge, and the Agreement contains no language regarding a procedure to handle retaliatory discharge claims. *See Id.* at 21–46.

On June 4, 1992, Stephans was injured while performing his duties for Bentz. He was released to go back to work on June 23, 1992; however, at the end of his first day back to work, Stephans was terminated. Within five days of his termination, the Union filed a grievance, which remained in the system until June 7, 1994, when the Union withdrew it.

On June 24, 1994, Stephans filed the present action, alleging that he was terminated in retaliation for seeking medical treatment for a work-related injury and for informing Bentz that he was going to file a claim pursuant to Indiana's Workers' Compensation Act, IND.CODE 22–3–2–1, *et. seq.* (1993). On November 14, 1994, Bentz responded with a motion to dismiss pursuant to Ind.Trial Rule 12(B)(6). Upon denying dismissal on March 3, 1995, the trial court found that *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425, provides Stephans with a cause of action. (R. at 105–06). The trial court certified this action for interlocutory

appeal which we granted for review on June 23, 1995.

## DISCUSSION

■ A complaint is not subject to dismissal unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *State v. Rankin* (1973), 260 Ind. 228, 230, 294 N.E.2d 604, 606; *First Nat. Bank of Danville v. Reynolds,* (1986), Ind.App., 491 N.E.2d 218, 220. The allegations of the complaint are taken as true and the plaintiff is entitled to all reasonable inferences which could be drawn therefrom. *Id.; Gladis v. Melloh* (1971), 149 Ind. App. 466, 469, 273 N.E.2d 767, 769. On appeal from a denial of a motion to dismiss, we apply essentially the same standard as the trial court to see whether the trial court acted properly in denying the Motions to Dismiss under T.R. 12(B)(6). *Iglesias v. Wells,* (1982), Ind.App., 441 N.E.2d 1017, 1018.

■ Bentz states that *Frampton* created a cause of action for an employee at-will who alleges that he or she has been discharged in retaliation for pursuing his or her rights under the Workers' Compensation Act. However, Bentz alleges that the trial court erred in finding that *Frampton* provides Stephans with a cause of action because, at the time of his discharge, Stephans was not an employee at-will as he was protected by a collective bargaining agreement and thus was not an otherwise remediless employee whom the supreme court in *Frampton* sought to protect. Indeed, Bentz depends heavily on a single sentence from that opinion in which our supreme court stated: "[o]nce an employee knows he is remediless if retaliatorily discharged, he is unlikely to file a claim." *Frampton,* 260 Ind. at 252, 297 N.E.2d at 428. However, the supreme court did not take as its primary focus Dorothy Frampton's remedilessness, rather the court expressed concern about the intentional, tortious act of her employer. The emphasis in *Frampton* was the harm done to an employee:

> Retaliatory discharge for filing a workmen's compensation claim is a wrongful, unconscionable act and should be action-

able in a court of law ... [W]e hold that an employee who alleges he or she was retaliatorily discharged for filing a claim pursuant to the Indiana Workmen's Compensation Act or the Indiana Workmen's Occupational Diseases Act has stated a claim upon which relief can be granted. We further hold that such a discharge would constitute an intentional, wrongful act on the part of the employer for which the injured employee is entitled to be fully compensated in damages. Of course, the issue of retaliation should be a question for the trier of fact ... We agree with the Court of Appeals that, under ordinary circumstances, an employee at-will may be discharged without cause. However, when an employee is discharged solely for exercising a statutorily conferred right an exception to the general rule must be recognized.

*Frampton,* 260 Ind. at 252–53, 297 N.E.2d at 428 (citations omitted). Thus, in light of *Frampton*'s emphasis on a wrongful act and compensation for damages sustained by the employee, we can not agree that the complete remedilessness of an employee is a prerequisite to filing a retaliatory discharge claim.

Bentz contends that the narrow exception delineated in *Frampton* has been further limited since that time. While we agree the cause of action created by *Frampton* has not been broadly construed by Indiana courts, attempts to enlarge the *Frampton* exception have uniformly questioned the type of public policy embodied in the statutorily defined right or duty.[1] *See e.g. McClanahan v. Rem-*

ington Freight Lines (1988), Ind., 517 N.E.2d 390, 393; *Morgan Drive Away, Inc. v. Brant* (1986), Ind., 489 N.E.2d 933, 934; *Call v. Scott Brass, Inc.* (1990), Ind.App., 553 N.E.2d 1225, 1227, *trans. denied; Lawson v. Haven Hubbard Homes* (1990), Ind.App., 551 N.E.2d 855, 860; *Campbell v. Eli Lilly Co.* (1980), Ind.App., 413 N.E.2d 1054, 1061, *trans. denied* (1981) 421 N.E.2d 1099. This existing case law offers little guidance in the present action, in which the challenge is to the status of the plaintiff-employee—that is, whether Stephans is an at-will employee.[2]

Historically, Indiana has recognized two forms of employment: 1) employment for a definite term; and, 2) employment at-will. *Orr v. Westminster Village North, Inc.* (1995), Ind.App., 651 N.E.2d 795, 798, *reh'g denied; see Atkins v. Board of School Comm'rs of City of Indianapolis* (1993), S.D.Ind., 830 F.Supp. 1169, 1181. A contract for term employment is created when the parties agree that employment shall continue for a fixed or ascertainable period. *Orr,* 651 N.E.2d at 798. If no definite or ascertainable period of employment is agreed upon, the employment is at-will, *Rice v. Grant County Bd. of Comm'rs* (1984), Ind.App., 472 N.E.2d 213, 214, *reh'g denied, trans. denied,* and is presumptively terminable at any time, without liability, at the election of either party. *See McClanahan,* 517 N.E.2d at 392.

The union contract under which Stephans worked was for an indefinite period, thus, he was not a term employee and may be considered, under the above defini-

---

**1.** Bentz asserts that in order to invoke the protections of *Frampton,* an employee must (1) allege that he or she is an employee at-will; (2) reference a public policy of the State of Indiana embodied in a statutorily defined right or duty; and (3) allege that he or she was terminated in retaliation for exercising that right to comply with that duty. Although we are not asked to decide today, we do not necessarily believe that in all cases the employee must allege that he or she is an employee at-will to maintain a retaliatory discharge claim. *See also Lingle v. Norge Div. of Magic Chef* (1988), 486 U.S. 399, 403, 108 S.Ct. 1877, 1880, 100 L.Ed.2d 410.

**2.** Bentz is correct in asserting that federal courts addressed this issue in *Vantine v. Elkhart Brass Mfg.* (1985), 7th Cir., 762 F.2d 511, 517, inter-

preting Indiana law and holding that employees, protected by collective bargaining agreements, do not have available to them the *Frampton* cause of action. However, we do not find this decision persuasive because the circuit court seems to have come to its decision by referring only to the *Frampton* decision and various sections of Indiana's Workers' Compensation Act, without examining the Indiana precedent regarding the employment at-will doctrine. We also note that the Supreme Court in *Lingle,* 486 U.S. at 403, 108 S.Ct. at 1880, held that an employee covered by a collective bargaining agreement that provides the employee with a contractual remedy for discharge without just cause may enforce his or her remedy for retaliatory discharge.

tion, an at-will employee. *See Rice,* 472 N.E.2d at 214; *see also Haas Carriage, Inc. v. Berna* (1995), Ind.App., 651 N.E.2d 284, 286 (plaintiff was an at-will employee without a written or oral employment agreement, inferring that at-will employment could be subject to an employment agreement). However, pursuant to the Agreement signed and ratified by the Union, Stephans could not be terminated at any time without liability.

Bentz argues that the "hallmark of employment at-will is the requirement that either party may terminate the employment relationship for any reason or no reason at all. Employment which is governed by a contract is not employment at-will. Employment which cannot be terminated, except for just cause, is not employment at-will." Appellant's Brief at 15 (emphasis in original). We find this is not so. In *Campbell,* 413 N.E.2d 1054, this court examined the employment at-will doctrine in light of *Frampton* and found:

■ It was early stated:

The rule seems to be well settled, by the great weight of authority, that where, by the terms of a contract, whether it be written or verbal, where the contract is one for employment, and by its terms, the tenure of service cannot be determined, such contract is one at-will, and may be terminated at any time, at the election of either party.

*Speeder Cycle Company v. Teeter,* (1897) 18 Ind.App. 474, 477, 48 N.E. 595.

The rule has been confirmed in Indiana over the years. *See Martin v. Platt,* (1979) [179] Ind.App. [688], 386 N.E.2d 1026; *Shaw v. S.S. Kresge Company,* (1975) 167 Ind.App. 1, 328 N.E.2d 775; *Montgomery Ward & Co. v. Guignet,* (1942) 112 Ind.App. 661, 45 N.E.2d 337; *Accord Davis v. Davis,* (1926) 197 Ind. 386, 151 N.E. 134. *See also Pearson v. Youngstown Sheet and Tube Company,* (7th Cir.1964) 332 F.2d 439, *cert. denied* 379 U.S. 914 [85 S.Ct. 262, 13 L.Ed.2d 185] (applying Indiana law). If the tenure of employment is indefinite or cannot be determined from the terms of the contract, the employment is one at-will and may be terminated at any time at the election of

either party. *Rice v. Grant County Bd. of Comm'rs* (1984), Ind.App., 472 N.E.2d 213, 214.

*Campbell,* 413 N.E.2d at 1060. The presumption of termination at any time stems from the indefinite length of employment of an at-will employee, it is not, however, a prerequisite to a finding of at-will employment.

Bentz depends, in large part, upon *Remington Freight Lines, Inc. v. Larkey* (1994), Ind.App., 644 N.E.2d 931, in which this court stated that it recognized "the distinction between employees who are retained for a definite duration or subject to contract, and employees whose employment is of indefinite duration, and may terminate at the will of the employer for any reason." *Id.* at 939–40 (emphasis added). However, filing a grievance, the remedy available to Stephans under the terms of the Agreement, is not the same as obtaining relief under a breach of contract action, which is the actionable claim of a wrongfully discharged employee under a contract for a definite term.

■■ Further, the court has found that the employment at-will doctrine does not prevent the parties to an employment contract from including job security provisions in the contract. *Orr,* 651 N.E.2d at 798. Our supreme court has held that:

the employment at-will doctrine is a rule of contract construction [and] not a rule imposing substantive limitations on the formation of a contract[,] [t]herefore, should parties to an employment contract choose to include a job security provision in the contract, enforcement of such a provision would not necessarily conflict with the employment at-will doctrine.

*Streckfus v. Gardenside Terrace Co-op* (1987), Ind., 504 N.E.2d 273, 275 (citations omitted). Thus, as a rule of contract construction, the employment at-will doctrine does not prevent job security provisions from becoming part of an at-will employment contract, so long as the parties intended them to be part of the employment contract and so long as the contract is otherwise enforceable. *Orr,* 651 N.E.2d at 798. Employment security provisions in collective bargaining agree-

ments under which the "employee can no longer be terminated at the whim of the employer," Appellant's Brief at 14, do not necessarily conflict with the employment at-will doctrine and thus, an employee like Stephans is not necessarily barred from pursuing an action for retaliatory discharge.

This being the case, we affirm the decision of the trial court denying Bentz's motion to dismiss.

Judgment affirmed.

SHARPNACK, C.J., concurs in result.

DARDEN, J., concurs.