**Kim PEPKOWSKI, Appellant (Plaintiff Below),**

v.

**LIFE OF INDIANA INSURANCE COMPANY; Quinet Life and Casualty Corp.; Donald Webber Mortgage Company; and Michael Wytrykus, Appellees (Defendants Below).**

No. 64S04–8903–CV–250.

Supreme Court of Indiana.

March 28, 1989.

Richard A. Miller, Gouveia & Miller, Merrillville, for appellant.

Thomas C. Hays, Steven H. Johnsonbaugh, Lewis, Bowman, St. Clair & Wagner, Indianapolis, John McCrum, Eichhorn, Eichhorn & Link, Hammond, for appellees Life of Indiana Ins. Co. and Quinet Life and Cas. Corp.

William J. Moran, Highland, for appellees Donald Webber Mortg. Co. and Michael Wytrykus.

DICKSON, Justice.

Plaintiff-appellant Kim Pepkowski appealed from the trial court's grant of summary judgment motions favoring the defendants. The Court of Appeals reversed. *Pepkowski v. Life of Indiana Ins. Co.* (1988), Ind.App., 526 N.E.2d 1015. Petitions to transfer were filed by all defendants. Transfer is now granted.

The first count of plaintiff's two-count complaint seeks damages from all defendants resulting from the denial of her claim for hospitalization and medical insurance benefits under a group insurance contract issued to plaintiff, as an employee of defendant Donald Webber Mortgage Company (Webber). The second count, alleging retaliatory discharge, sought damages from Webber only.

Without issuing separate findings, the trial court generally granted the motion for summary judgment filed by Quinet Life and Casualty Corp. (Quinet) and Life of

Indiana Insurance Company (Life of Indiana).

In granting the motion for summary judgment filed on behalf of Webber and Michael Wytrykus, an employee of Webber, the trial court made express findings relating solely to count I of plaintiff's complaint. While denying plaintiff's subsequent motion to correct errors, the trial court amended its judgment to further find the plaintiff to be an employee at will subject to discharge by Webber, thus addressing count II. In her appeal to the Court of Appeals, the plaintiff questioned the summary judgments as to both counts of her complaint. Discussing only the issues pertinent to count I, the Court of Appeals reversed, finding that summary judgment was "improvidently entered."

When the plaintiff was first employed by Webber, September 3, 1985, she was covered by a private health insurance policy due to terminate at the end of September. Webber had a group insurance policy plan with Life of Indiana, which was administered by Quinet. The policy provided that an employee who had worked at Webber for 30 days and who was accepted for enrollment by Life of Indiana was eligible for coverage on the 15th day of the month following an initial 30–day waiting period, which began running on the first day of employment. Eligibility for coverage was based on the acceptance of an employee's application and the payment of the premium.

When the plaintiff inquired as to Webber's insurance coverage, she was referred to Wytrykus. Wytrykus helped the plaintiff complete an application, gave her a booklet detailing the policy benefits, and sent her application to the insurance company. She alleges that Wytrykus told her that the insurance coverage would begin October 1, 1985. In reliance thereon, plaintiff terminated her private insurance coverage. On October 9, 1985, plaintiff was seriously injured in an automobile accident. Her claim for benefits was thereafter denied by Life of Indiana and Quinet on the basis that her coverage did not begin until October 15, 1985.

■ In count I of her complaint, plaintiff sought to avoid the 30–day waiting period language, asserting her detrimental reliance on Wytrykus's assurances of the earlier coverage date, along with other facts. We agree with the determination by the Court of Appeals that an issue of material fact existed as to plaintiff's knowledge of the effective coverage date. However, we do not agree that summary judgment was thereby improper.

Any liability of Life of Indiana and Quinet derives solely from plaintiff's contention that Wytrykus acted as their agent. Neither Life of Indiana nor Quinet made any false representations concerning the coverage date. Plaintiff's information about the group policy came from Wytrykus. Wytrykus was employed by Webber, and not by Life of Indiana nor Quinet. Wytrykus had never sold insurance for Life of Indiana or Quinet, nor received any compensation from them. While further noting plaintiff's testimony that she believed Wytrykus was Webber's agent and not an agent of Life of Indiana, the Court of Appeals found genuine issues of material fact precluding summary judgment on the agency issue. We disagree.

The party opposing summary judgment is "obliged to disgorge sufficient evidence" to show the existence of a genuine triable issue. *Hinkle v. Niehaus Lumber Co.* (1988), Ind., 525 N.E.2d 1243, 1245–46 (quoting *Shideler v. Dwyer* (1981), 275 Ind. 270, 290, 417 N.E.2d 281, 293). The party opposing summary judgment must "come forth with specific facts showing that there is a genuine issue for trial." *Hinkle*, 525 N.E.2d at 1246 (quoting *Criss v. Bitzegaio* (1981), Ind., 420 N.E.2d 1221, 1223).

■ Apparent authority is the authority that a third person reasonably believes an agent to possess because of some manifestation from his principal. *Warner v. Riddell Nat'l Bank* (1985), Ind.App., 482 N.E.2d 772, 775. *See also Grosam v. Laborers' Int'l Union of N. Am.* (1986), Ind. App., 489 N.E.2d 656, 658. The necessary manifestation is one made by the principal to a third party, who in turn is instilled with a reasonable belief that another indi-

vidual is an agent of the principal. *Swanson v. Wabash College* (1987), Ind.App., 504 N.E.2d 327, 332; *Storm v. Marsischke* (1973), 159 Ind.App. 136, 304 N.E.2d 840, 842; *Kody Eng'g Co. Inc. v. Fox & Fox Ins. Agency Inc.* (1973), 158 Ind.App. 498, 505–06, 303 N.E.2d 307, 311. It is essential that there be some form of communication, direct or indirect, by the principal, which instills a reasonable belief in the mind of the third party. *Swanson*, 504 N.E.2d at 332; *Storm*, 304 N.E.2d at 843. Statements or manifestations made by the agent are not sufficient to create an apparent agency relationship. *Swanson*, 504 N.E.2d at 332; *Storm*, 304 N.E.2d at 843.

The plaintiff asserts that the following facts created a genuine issue for trial with regard to agency: Wytrykus provided the application form and benefits booklet; he assisted the plaintiff in completing the form and mailed it directly to Life of Indiana and Quinet; the plaintiff was not contacted by any other insurance agent regarding her coverage; and Life of Indiana and Quinet accepted the application. Thus, the only "manifestations" by Life of Indiana and Quinet are their permitting Wytrykus to possess their application form and benefits booklet and their accepting the application. These acts are not a sufficient manifestation to clothe Wytrykus with apparent authority to bind Life of Indiana and Quinet. The trial court correctly entered summary judgment for Life of Indiana and Quinet on the agency issue because Pepkowski did not adequately set forth specific facts to show a genuine issue for trial.

■ Having determined that the trial court correctly entered summary judgment in favor of defendants Life of Indiana and Quinet, a substantial question arises as to whether count I states a cause of action against the remaining defendants, Webber and Wytrykus. In her appellate briefs, plaintiff characterizes count I as "based upon the theory of equitable estoppel." In the certificate of readiness filed with the trial court, plaintiff characterized the "type of action" as both "breach of contract" and "breach of warranties, detrimental re-

liance." Liberally viewing count I in accordance with the principles of notice pleading as provided in Trial Rule 8 of the Indiana Rules of Procedure, we conclude that plaintiff's claim for relief asserts an action on an insurance contract allegedly issued by defendants Life of Indiana and Quinet, with an effective date as represented by defendant Wytrykus, as agent for Webber, Life of Indiana, and Quinet.

■ Any obligation imposed by the group insurance contract to pay plaintiff's medical costs was that of Life of Indiana, not plaintiff's employer, Webber, nor its employee, Wytrykus. The doctrine of estoppel does not, in and of itself, constitute an independent cause of action. *State v. Mutual Life Ins. Co.* (1910), 175 Ind. 59, 93 N.E. 213; *Sherrick v. State* (1906), 167 Ind. 345, 79 N.E. 193; *Bowes v. Lambert* (1943), 114 Ind.App. 364, 368, 51 N.E.2d 83, *reh. denied*, 114 Ind.App. 364, 51 N.E.2d 897. *See also* 28 Am.Jur.2d, *Estoppel and Waiver* § 33, at 637–638. Estoppel is purely a defensive weapon. *Sherrick*, 167 Ind. 345, 79 N.E. 193.

> The doctrine of estoppel springs from equitable principles, and is designed to aid the law in the administration of justice where, without its aid, injustice might result. Its purpose is to preserve rights previously acquired, and not to create new ones.

*Mutual Life Insurance*, 175 Ind. at 82, 93 N.E. at 222.

Since there is no basis for finding defendants Wytrykus or Webber to have been agents of defendants Life of Indiana or Quinet, the conduct of Wytrykus and Webber cannot be imputed to the other defendants to preserve plaintiff's count I contract action. While arguably demonstrating equitable estoppel as against Wytrykus and Webber, such claim is not sufficient to constitute an independent cause of action as against them. We therefore affirm summary judgment in favor of all defendants and against the plaintiff as to count I of her complaint.

■ As to count II, seeking damages from Webber upon a claim of retaliatory

**1168**

discharge, we find that summary judgment was not appropriate.

In general, an employment contract of indefinite duration is presumptively terminable at the will of either party. *McClanahan v. Remington Freight Lines, Inc.,* (1988), Ind., 517 N.E.2d 390, 392. In *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425, we created an exception to the employment-at-will doctrine when an employee was discharged for filing a workmen's compensation claim. We stated that when an employee is discharged solely for exercising the statutorily conferred right, an exception to the general rule is recognized, and a cause of action exists in the employee as a result of the retaliatory discharge. *Id.* at 253, 297 N.E.2d at 428. *See also Romack v. Public Service Co. of Indiana* (1987), Ind., 511 N.E.2d 1024 (recognizing retaliatory discharge claim of fired nuclear plant security manager who had been engaged on the promise of specific job security), and *McClanahan,* 517 N.E.2d 390 (recognizing wrongful discharge claim of employee fired for refusing to drive an overweight truck over public highways, an illegal act for which he could incur personal penal sanctions).

Pepkowski was hired by Webber in September 1985 and was injured in October 1985 while on her lunch hour. In April 1986, she filed her application for workmen's compensation, naming Webber as defendant. Pepkowski was discharged from her employment in October 1986; Webber cited a reduction in force and a lack of business as reasons for her discharge. However, Wytrykus testified in his deposition that Webber's mortgage loan business during the time Pepkowski was discharged was "very good" and that business was better in 1986 than in 1985.

We conclude that Webber has failed its burden of proving an absence of a genuine issue of material fact with regard to the reasons for Pepkowski's discharge.

We affirm the granting of the motion for summary judgment filed on behalf of defendants Life of Indiana and Quinet. With respect to the summary judgment motion filed on behalf of defendants Webber and Wytrykus, we affirm summary judgment as to count I and reverse as to count II. This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.