James **HAYES**, Plaintiff–Appellant,

v.

**LINCOLN GENERAL INSURANCE CO.**, Defendant–Appellee.

No. 88–3401.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 31, 1989.

Decided April 13, 1990.

---

Phillip L. Stewart, Carmel, Ind., for plaintiff-appellant.

John F. Prescott, Jr., Ice, Miller, Donadio & Ryan, William P. Wooden, Wooden, McLaughlin & Sterner, John W. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, Ind., for defendant-appellee.

Before BAUER, Chief Judge, RIPPLE, Circuit Judge, and WILL, Senior District Judge.[*]

RIPPLE, Circuit Judge.

James Hayes filed suit on October 27, 1986 against three parties: RHR Transportation International, Inc. (RHR), Pioneer Transportation Systems, Inc. (Pioneer), and Lincoln General Insurance Company (Lincoln General). Summary judgment in favor of RHR was entered on October 28, 1987. Mr. Hayes settled his case against Pioneer, and on June 30, 1988, the district court entered an order dismissing Pioneer from this suit. These orders are not involved in this appeal.

On September 7, 1988, Lincoln General moved for summary judgment. The district court granted the motion and entered judgment on November 7, 1988. For the following reasons, we affirm the district court.

# I

## BACKGROUND

### A. *Facts*

Mr. Hayes entered into an exclusive lease agreement of a long-haul truck with Pioneer in March, 1985. Pioneer maintained a group insurance policy for physical damage to the trucks it leased from independent operators. Mr. Hayes agreed to accept the insurance and requested $50,000 coverage on his truck. When asked by Pioneer to explain the requested amount, he indicated that it represented the value of the truck, its new engine, and an outstanding loan on the vehicle. Mr. Hayes received a certificate of insurance for the amount of $50,000 from RHR showing that he was insured by Lincoln.

On March 20, 1986, Mr. Hayes had an accident involving his truck. Lincoln General's adjuster offered Mr. Hayes $13,500—the before-accident value of the truck minus a $500 deductible. This offer of payment was made pursuant to the policy of insurance, which states in pertinent part: "The limit of the company's liability for loss to any one covered automobile shall not exceed ... the actual cash value of such covered automobile ... at time of loss...." R.16 at 3. Mr. Hayes refused this amount, requesting instead the full $50,000 face value of his policy. At trial, the parties stipulated that the actual cash value of the truck was $14,000.

### B. *Proceedings in the District Court*

In the district court, Mr. Hayes contended that Lincoln General was required to pay the entire face amount of the insurance policy. In his view, Pioneer was acting as Lincoln General's agent when it required Mr. Hayes to insure his vehicle. To support this contention, Mr. Hayes emphasized that Pioneer required him to obtain insurance, explained the terms of the coverage to him, withdrew the insurance premiums from his pay, and directed him to make all inquiries regarding his insurance to Pioneer, not Lincoln General.

In its findings of fact and conclusions of law, the district court determined that Pioneer was not an agent for Lincoln General. In addition, the district court found that Lincoln General never made any representations to Mr. Hayes regarding the extent or limitations of the insurance policy. Accordingly, the district court applied the terms and conditions of the insurance policy and awarded Mr. Hayes $13,500 as compensation for the loss of his truck.

---

[*] The Honorable Hubert L. Will of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation.

## II

## ANALYSIS

In examining the district court's grant of summary judgment, we review the record and the controlling law *de novo. Dribeck Importers, Inc. v. G. Heileman Brewing Co., Inc.,* 883 F.2d 569, 573 (7th Cir.1989). Furthermore, because this is a diversity action, state substantive law governs the rights and responsibilities of the parties. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The parties agree that the applicable law in this case is the law of Indiana.

■ In this appeal, Mr. Hayes once again argues that Pioneer was in fact an agent for Lincoln General. According to Indiana law, when an employer acts as the middleman between an insurance company and its employees, the employer is the agent of the *employees,* not the insurance carrier. *Metropolitan Life Ins. Co. v. Henry,* 217 Ind. 33, 36, 24 N.E.2d 918, 920 (1940); *Steward v. City of Mt. Vernon,* 497 N.E.2d 939, 943 (Ind.Ct.App.1986); *see also Sur v. Glidden–Durkee,* 681 F.2d 490, 493 (7th Cir.1982) (applying Indiana law). "[I]n negotiating for an insurance policy, deducting premiums from employees' pay, and remitting them to an insurance company, an employer acts in the capacity of agent for the employees." *Steward,* 497 N.E.2d at 943.[1]

■ Despite this well-established principle of Indiana case law, Mr. Hayes, relying on cases from other jurisdictions,[2] contends that Pioneer was an agent of Lincoln. He does not assert that there was a formal agency contract in existence between Pioneer and Lincoln General. Rather, he argues that several actions undertaken by Pioneer established its apparent authority as an agent and thus subject Lincoln Gen-

eral to liability as principal. Specifically, he notes that Pioneer required insurance coverage, instructed Mr. Hayes to direct all insurance questions to Pioneer, and misrepresented the extent of his coverage. Mr. Hayes further argues that Lincoln General benefitted from Pioneer's providing information to its employees, and especially benefitted by the misrepresentation to Mr. Hayes because he paid premiums in excess of the appropriate amount for the value of his truck. In Indiana, "[a]pparent authority is the authority that a third person reasonably believes an agent to possess because of some manifestation from his principal." *Pepkowski v. Life of Indiana Ins. Co.,* 535 N.E.2d 1164, 1166 (Ind.1989); *see Grosam v. Laborers' Int'l Union of N. Am.,* 489 N.E.2d 656, 658 (Ind.Ct.App. 1986); *Warner v. Riddell Nat'l Bank,* 482 N.E.2d 772, 775 (Ind.Ct.App.1985). Because of the manifestation made by the principal, third parties are "instilled with a reasonable belief that another individual is an agent of the principal." *Pepkowski,* 535 N.E.2d at 1166–67.

The *Pepkowski* case presented the Indiana Supreme Court with facts remarkably similar to the case now before us. The plaintiff was a new employee of the Donald Webber Mortgage Company, which had a group health insurance plan. She asked for information about the plan and was directed to speak to a Webber employee. The plaintiff claimed that the employee told her that her coverage would be effective October 1, 1985. With this assurance, the plaintiff cancelled the insurance under which she was then covered. A week later, she was involved in an accident and then discovered that, contrary to her employer's representations, her insurance actually was not effective until October 15, 1985. She

---

1. Indiana's treatment of this issue is consonant with the approach of the United States Supreme Court in *Boseman v. Connecticut Gen. Life Ins. Co.,* 301 U.S. 196, 204–05, 57 S.Ct. 686, 690–91, 81 L.Ed. 1036 (1937): "When procuring the policy, obtaining applications of employees, taking payroll deduction orders, reporting changes in the insured group, paying premiums and generally in doing whatever may serve to obtain and keep the insurance in force, employers act not

as agents of the insurer but for their employees or for themselves."

2. *Roberts v. Board of Educ. of Auburn,* 480 N.E.2d 143 (1985); *Freeman v. Bonnes Trucking, Inc.,* 337 N.W.2d 871 (Iowa 1983); *Paulson v. Western Life Ins. Co.,* 292 Or. 38, 636 P.2d 935 (1981); *Elfstrom v. New York Life Ins. Co.,* 67 Cal.2d 503, 63 Cal.Rptr. 35, 432 P.2d 731 (1967).

sued her employer and the insurance carrier, claiming that the insurance company was liable because the Webber employee had acted as its agent. *Id.* at 1166. The Indiana Supreme Court disagreed. It held that apparent authority must come from actions taken *by the principal.* "It is essential that there be some form of communication, direct or indirect, by the principal, which instills a reasonable belief in the mind of the third party. Statements or manifestations made by the agent are not sufficient to create an apparent agency relationship." *Id.* at 1167 (citations omitted); *see also Storm v. Marsischke,* 159 Ind.App. 136, 304 N.E.2d 840, 842–43 (1973). Applying these principles to the case before it, the Indiana Supreme Court determined that allowing Webber to possess application forms and booklets and to accept applications from employees was insufficient to clothe Webber or its employee with apparent authority. Thus, the insurance company was entitled to summary judgment. 535 N.E.2d at 1167.

We now turn to the case before us. The facts alleged by Mr. Hayes to establish apparent authority are all actions taken by his employer—not by Lincoln General Insurance Co.:

> that party [Pioneer] informed him that inquiries into related matters were to be addressed to that party's main office, the party explained (and misrepresented) the terms of such insurance coverage, the party required such insurance coverage as a condition of employment, the party acted for the benefit of the insurance company, and the party did more than negotiate or obtain such insurance coverage, deduct premiums, and remit premiums to the insurance company.

Appellant's Br. at 16. Mr. Hayes set forth no concrete facts that could establish "a reasonable belief that another individual is an agent of the principal." *Pepkowski,* 535 N.E.2d at 1166–67; *see Storm,* 304 N.E.2d at 842. We conclude, therefore, that Mr. Hayes has failed to demonstrate an agency relationship between Pioneer and Lincoln General. "Summary judgment is appropriate where a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Teamsters Local 282 Pension Trust Fund v. Angelos,* 839 F.2d 366, 369 (7th Cir.1988) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)); see also *Beard v. Whitley County REMC,* 840 F.2d 405, 410 (7th Cir.1988). Accordingly, we affirm the district court's grant of summary judgment in favor of Lincoln General.

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.