ATTORNEYS FOR APPELLANT
Daniel C. McCarthy
Greenwood, Indiana

ATTORNEYS FOR APPELLEES
Steven T. Fulk
Jada E. Halse
Fulk & Associates Attorneys at Law, L.L.C.
Indianapolis, Indiana

# In the
# Indiana Supreme Court

_____

No.  29S04-0609-CV-326

PAUL MEYERS,                                                    *Appellant (Plaintiff below),*

v.

JAMES MEYERS AND EVA MEYERS, D/B/A/ J. MEYERS CONSTRUCTION, INC.,
                                                    *Appellees (Defendants below).*


_____


Appeal from the Hamilton Circuit Court, No. 29C01-0407-PL-917
The Honorable Judith S. Proffitt, Judge
_____

On Petition To Transfer from the Indiana Court of Appeals, No. 29A04-0412-CV-638
_____

**February 21, 2007**

**Dickson, Justice.**


We reaffirm the Indiana employment at will doctrine and decline to find exception for alleged wrongful discharge in retaliation for the assertion of a claim for unpaid wages.


Paul Meyers filed a three-count complaint naming as defendants "James Meyers and Eva

Meyers, d/b/a J. Meyers Construction, Inc." Count I seeks damages[1] for failure to pay overtime under Indiana Code § 22-2-2-4(J); Count II asks for recovery of $8,368.44 for taxes withheld from the plaintiff's payroll checks but not deposited with the Internal Revenue Service; and Count III requests damages from the defendants for the wrongful discharge of the plaintiff in retaliation for his complaint about their failure to pay overtime and deposit withheld taxes. The defendants moved to dismiss the retaliatory discharge count for failure to state a claim under Indiana Trial Rule 12(B)(6) and to dismiss James and Eva Meyers as defendants as to all counts under Trial Rules 12(B)(6) and 17, asserting that, as individual shareholders, they are distinct and separate from the corporation, J. Meyers Construction, Inc. The trial court granted the motion as to both requests. The plaintiff then sought and obtained trial court certification for interlocutory appeal regarding two issues: (a) whether the exercise of a statutory right is an exception to the employment at will doctrine, and (b) whether there is no set of facts upon which James Meyers and Eva Meyers could be held responsible for the failure to pay overtime to the plaintiff. The Court of Appeals accepted jurisdiction pursuant to Indiana Appellate Rule 14(B) and granted relief to the plaintiff. <u>Meyers v. Meyers</u>, 846 N.E.2d 280, 289-90 (Ind. Ct. App. 2006). We granted transfer and now affirm the trial court's dismissal of the retaliatory discharge count and reverse the dismissal of the individual defendants.

In this interlocutory appeal, the plaintiff-employee presents two claims: (1) the employment at will doctrine should not preclude an action for retaliatory discharge for exercising a statutory right to receive overtime pay; and (2) the individual defendants should not have been dismissed.

Trial Rule 12 authorizes a party to present by motion certain defenses, one of which is specified by subsection 12(B)(6): "Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17." A motion to dismiss asserting Rule 12(B)(6) challenges the legal sufficiency of a complaint. <u>Trail v. Boys and Girls Club of Northwest Indiana</u>, 845 N.E.2d 130, 134 (Ind. 2006). In ruling on such a motion to dismiss, "a court is required to take as true all allegations upon the face of the complaint and may

---

[1] Count I of the plaintiff's complaint seeks "judgment against the plaintiff," which we assume is a typographical error and was intended to read "against the defendants" as in the other counts of the complaint.

only dismiss if the plaintiff would not be entitled to recover under any set of facts admissible under the allegations of the complaint." Huffman v. Office of Envtl. Adjudication, 811 N.E.2d 806, 814 (Ind. 2004). In reviewing such motions, all reasonable inferences must be drawn in favor of the non-moving party. *Id.*; Trail, 845 N.E.2d at 134.

## 1. No Exception to Employment at Will Doctrine

Relying primarily on Call v. Scott Brass, Inc., 553 N.E.2d 1225 (Ind. Ct. App. 1990), *trans. denied*, Meyers argues that "[a]n at will employee may maintain a cause of action for a retaliatory discharge if the employee had been terminated from his employment for exercising a statutory right or refusing to violate a statutory duty." Appellant's Br. at 5.

We find that the present case is controlled by Morgan Drive Away, Inc. v. Brant, 489 N.E.2d 933, 934 (Ind. 1986), in which we held that, regardless of Brant's allegations regarding status as an employee or independent contractor, the employment at will doctrine precludes him from asserting an action for wrongful discharge in retaliation for asserting a claim for unpaid wages under Indiana Code § 22-2-4-4.

Here, Meyers's complaint alleges that he was discharged by the defendants "as a result of the Plaintiff['s] complaint to the Defendants about their failure to pay overtime and failure to deposit taxes withheld from the Plaintiff's payroll checks." Appellant's App'x. at 5. This claim is substantively indistinguishable from that in Morgan Drive Away, and is likewise precluded by the employment at will doctrine.

Indiana generally follows the employment at will doctrine, which permits both the employer and the employee to terminate the employment at any time for a "good reason, bad reason, or no reason at all." Montgomery v. Bd. of Trustees of Purdue Univ., 849 N.E.2d 1120, 1128 (Ind. 2006); Cantrell v. Morris, 849 N.E.2d 488, 494 (Ind. 2006); Sample v. Kinser Ins. Agency, 700 N.E.2d 802, 805 (Ind. Ct. App. 1998), *trans. not sought*.

On rare occasions, narrow exceptions have been recognized. In McClanahan v. Reming-

3

ton Freight Lines, 517 N.E.2d 390 (Ind. 1988), a truck driver was permitted to pursue a cause of action against his employer who fired him when he refused to haul a load that exceeded the amount allowed on Illinois roads, an illegal act for which the employee could have been held personally liable. The Court recognized an exception to employment at will because not allowing the truck driver "any legal recourse under these circumstances would encourage criminal conduct by both the employee and the employer." *Id.* at 393. In Frampton v. Cent. Indiana Gas Co., 260 Ind. 249, 297 N.E.2d 425 (1973), noting that the Indiana Worker's Compensation Act expressly provides that "no rule, regulation, or other device shall, in any manner," relieve an employer from the obligations imposed by the Act, we found that the threat of discharge was such a "device," and we held that "an employee who alleges he or she was retaliatorily discharged for filing a claim" under the Act "has stated a claim upon which relief can be granted." *Id.* at 252-53, 297 N.E.2d at 427-28. Subsequent to Frampton, however, we declined to extend that exception to a manager who was terminated when he refused to follow a superior's order to fire an employee for filing a worker's compensation claim. Wior v. Anchor Indus., 669 N.E.2d 172, 177-78 (Ind. 1996).

At one point, the Frampton opinion comments that "when an employee is discharged solely for exercising a statutorily conferred right an exception to the general rule must be recognized." Frampton, 260 Ind. at 253, 297 N.E.2d at 428.[2] The decisions during the intervening thirty years have made it plain that this language is intended to recognize quite a limited exception. Other than the Frampton exception,[3] which is grounded on express statutory language, the Indiana appellate cases permitting retaliatory discharge actions have generally involved plaintiffs allegedly terminated in retaliation for refusing to violate a legal obligation that carried penal con-

---

[2] This language was subsequently noted in several appellate decisions. *See, e.g.*, Orr v. Westminster Village North, Inc., 689 N.E.2d 712, 718 (Ind. 1997); Wior, 669 N.E.2d at 177 n.5; Pepkowski v. Life of Indiana Ins. Co., 535 N.E.2d 1164, 1168 (Ind. 1989); Tony v. Elkhart County, 851 N.E.2d 1032, 1036 (Ind. Ct. App. 2006); M.C. Welding & Machining Co. v. Kotwa, 845 N.E.2d 188, 192, 195 (Ind. Ct. App. 2006), *trans. not sought*; Scott Brass, 553 N.E.2d at 1229; Lawson v. Haven Hubbard Homes, Inc., 551 N.E.2d 855, 858 (Ind. Ct. App. 1990), *trans. sought but dismissed*; Rice v. Grant County Bd. of Comm'rs, 472 N.E.2d 213, 215 (Ind. Ct. App. 1984), *trans. denied*; Campbell v. Eli Lilly & Co., 413 N.E.2d 1054, 1061 (Ind. Ct. App. 1980), *trans. denied*.

[3] Other cases have followed Frampton, allowing an exception to the at-will doctrine where the employee was allegedly fired for filing worker's compensation benefits. *See, e.g.*, Tony v. Elkhart County, 851 N.E.2d 1032 (Ind. Ct. App. 2006); Markley Enters. v. Grover, 716 N.E.2d 559, 564-66 (Ind. Ct. App. 1999).

4

sequences. *See, e.g.*, McClanahan, 517 N.E.2d at 393; McGarrity v. Berlin Metals, 774 N.E.2d 71, 78-79 (Ind. Ct. App. 2002) (holding retaliatory discharge claim was viable where employee alleged he was fired for refusing to file fraudulent tax return), *trans. denied*; Scott Brass, 553 N.E.2d at 1225, 1226 (permitting employee's claim that her former employer dismissed her because she complied with a summons for jury duty); Haas Carriage, Inc. v. Berna, 651 N.E.2d 284, 288 (Ind. Ct. App. 1995) (upholding claim by employee alleging discharge for refusing to haul unlawful load), *trans. not sought*. *But see, e.g.*, M.C. Welding & Machining Co. v. Kotwa, 845 N.E.2d 188, 195 (Ind. Ct. App. 2006) (citing employer's concession and failure to object to instruction as basis for upholding relief in action for wrongful discharge in retaliation for employee's claim for unemployment benefits).

Most cases have refused to extend Frampton. *See, e.g.*, Lawson v. Haven Hubbard Homes, Inc., 551 N.E.2d 855 (Ind. Ct. App. 1990) (employment terminated for filing claim for unemployment compensation), *trans. not sought*; Hamblen v. Danners, Inc., 478 N.E.2d 926 (Ind. Ct. App. 1985) (termination for refusal to submit to polygraph examination), *trans. not sought*; Rice v. Grant County Bd. of Comm'rs, 472 N.E.2d 213 (Ind. Ct. App. 1984) (termination for driving county truck outside county and on unpaved roads), *trans. denied*; Campbell v. Eli Lilly & Co., 413 N.E.2d 1054 (Ind. Ct. App. 1980) (employment terminated for complaining about employer's products and alleging improper activities by supervisors), *trans. denied*; Martin v. Platt, 179 Ind.App. 688, 386 N.E.2d 1026 (1979) (employment terminated for truthful reporting of supervisor's improper activities), *trans. not sought*.

In Morgan Drive Away, we emphasize that the "employment at will doctrine has steadfastly been recognized and enforced as the public policy of this state" and that "[r]evision or rejection of the doctrine is better left to the legislature." 489 N.E.2d at 934. We likewise decline to allow an exception to the doctrine in this case. The trial court was correct to grant the defendants' motion to dismiss Count III seeking damages for retaliatory discharge.

## 2. Dismissal of Corporation Shareholders, Directors, and Officers

The plaintiff further claims that the trial court erred in granting the defendants' motion to

dismiss the individual defendants.[4]  The plaintiff argues that this ruling is incorrect because the complaint alleges that both the individual defendants and the corporation employed the plaintiff.

On this issue, the defendants' motion to dismiss merely asserted that J. Meyers Construction, Inc., is a legal entity separate and distinct from its individual shareholders and owners, James and Eva Meyers.  The motion did not address the plaintiff's assertion that he was employed by both the individual defendants and the corporation.  On appeal, the defendants acknowledge the plaintiff's allegation of joint employment, but argue that such a claim is contradictory because the plaintiff is referring to the same employment situation and that the plaintiff fails to specifically allege or present facts that would support a piercing of the corporate veil.

As noted above, in ruling on a motion to dismiss, a court must "take as true all allegations upon the face of the complaint and may only dismiss if the plaintiff would not be entitled to recover under any set of facts admissible under the allegations of the complaint."  Huffman, 811 N.E.2d at 814.  The rules of pleading foster simple, concise, and direct averments and permit alternative and inconsistent claims.  Ind. Trial Rule 8(E)(1), (2).  Claims presenting alternative grounds for relief are permitted.  Ind. Trial Rule 8(A)(2).

The arguments offered by the defendants to support their request to dismiss the individual parties are contrary to these principles.  These topics are more suitably subjects for consideration through a request for summary judgment.

Because the defendants have not demonstrated that the plaintiff would be unable to recover under any set of facts admissible under the complaint, they are not entitled to obtain a dismissal of the individual defendants under Rule 12(B)(6).

**Conclusion**

Having granted transfer, thereby vacating the opinion of the Court of Appeals, we affirm

---

[4] While seeking the dismissal of the individual parties as defendants and the outright dismissal of Count III alleging retaliatory discharge, the defendants' motion did not seek outright dismissal of either Count I (seeking overtime pay) or Count II (seeking recovery of undeposited payroll tax deductions).

the trial court's dismissal of Count III seeking retaliatory discharge for its failure to state a claim upon which relief can be granted. We reverse, however, the grant of the defendants' motion to dismiss James Meyers and Eva Meyers as individual defendants as to the remaining Counts I and II.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.