**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 30 2013, 8:36 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**G. JAYSON MARKSBERRY**
Marksberry Law Office
Danville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL and BRENDA GRALIA, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 67A01-1301-CT-26 |
| | ) | |
| BUTLER GARDEN CENTER, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE PUTNAM CIRCUIT COURT
The Honorable Matthew L. Headley, Judge
Cause No. 67C01-1108-CT-362

**May 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellants-Plaintiffs Michael and Brenda Gralia filed a complaint against Appellee-Defendant Butler Garden Center alleging that Butler breached a contract entered into by the parties for the completion of certain landscaping services. On December 10, 2012, Butler filed a motion to dismiss. On December 12, 2012, the Gralias filed a request for a hearing on Butler's motion. Also on December 12, 2012, the trial court awarded the Gralias thirty days to respond to Butler's motion. The trial court subsequently granted Butler's motion and dismissed the Gralias' lawsuit prior to the expiration of those thirty days. On appeal, the Gralias contend that the trial court erred by dismissing their complaint before the expiration of the time which the trial court had awarded them to respond. We agree. Accordingly, we reverse the trial court's order and remand for further proceedings consistent with this memorandum decision.

## FACTS AND PROCEDURAL HISTORY

On or about August 26, 2011, the Gralias filed suit against Butler alleging that Butler had breached a contract entered into by the parties for the completion of certain landscaping services.[1] On December 10, 2012, Butler filed a motion to dismiss, arguing that the Gralias had failed to name the proper party as the defendant. On December 12, 2012, the Gralias filed a request for a hearing on Butler's motion. Also on December 12, 2012, the trial court, by an entry on the Chronological Case Summary ("CCS"), awarded the Gralias thirty days to

---

[1] The parties filed multiple procedural motions before the trial court during the approximately fifteen to sixteen months after the Gralias initiated the underlying lawsuit, none of which are relevant to the instant appeal.

respond to Butler's motion. Six days later, on December 18, 2012, the trial court issued an order granting Butler's motion and dismissing the Gralias' complaint. This appeal follows.

## DISCUSSION AND DECISION

Initially, we note that Butler did not file an appellee's brief.

> When an appellee fails to file a brief, we apply a less stringent standard of review. *McKinney v. McKinney*, 820 N.E.2d 682, 685 (Ind. Ct. App. 2005). We are under no obligation to undertake the burden of developing an argument for the appellee. *Id*. We may, therefore, reverse the trial court if the appellant establishes prima facie error. *Id*. "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id*.

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006).

The Gralias appeal following the dismissal of their complaint against Butler. Below, Butler sought dismissal of the Gralias' complaint, alleging that the Gralias had failed to state a claim upon which relief could be granted. Specifically, Butler argued that the Gralias had failed to name the real party in interest as required by Trial Rule 17.

> Trial Rule 12 authorizes a party to present by motion certain defenses, one of which is specified by subsection 12(B)(6): "Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17." A motion to dismiss asserting Rule 12(B)(6) challenges the legal sufficiency of a complaint. *Trail v. Boys and Girls Clubs of Northwest Indiana*, 845 N.E.2d 130, 134 (Ind. 2006). In ruling on such a motion to dismiss, "a court is required to take as true all allegations upon the face of the complaint and may only dismiss if the plaintiff would not be entitled to recover under any set of facts admissible under the allegations of the complaint." *Huffman v. Office of Envtl. Adjudication*, 811 N.E.2d 806, 814 (Ind. 2004). In reviewing such motions, all reasonable inferences must be drawn in favor of the non-moving party. *Id*.; *Trail*, 845 N.E.2d at 134.

*Meyers v. Meyers*, 861 N.E.2d 704, 705-06 (Ind. 2007).

On appeal, the Gralias argue that the trial court erred in dismissing their complaint

3

against Butler because the trial court failed to provide them with a reasonable time to respond pursuant to Trial Rule 17, and also because the trial court granted Butler's motion and dismissed their complaint before the thirty days awarded to them by the trial court to respond to Butler's motion had expired. Trial Rule 17 provides, in relevant part, that "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest *until a reasonable time after objection has been allowed* for the real party in interest to ratify the action, or to be joined or substituted in the action." (Emphasis added). The procedural history of the case at issue indicates that the trial court granted Butler's motion to dismiss without first granting the Gralias a reasonable amount of time to respond.

Again, Butler filed its motion on December 10, 2012. On December 12, 2012, the Gralias requested a hearing on Butler's motion. Also on December 12, 2012, the trial court made order by entry on the CCS indicating that it was awarding the Gralias thirty days to respond to Butler's motion. The trial court, however, did not wait for this thirty-day period to expire before it granted Butler's motion on December 18, 2012, only six days after its December 12, 2012 order.

The trial court did not provide any justifiable reason why, after awarding the Gralias thirty days to respond to Butler's motion to dismiss, it granted Butler's motion before the Gralias had a reasonable opportunity to file a timely response. In light of the requirement that a party have a reasonable period of time to respond to a Trial Rule 17 motion to dismiss before such motion can be granted, and the trial court's failure to allow for a timely response in accordance with the trial court's own orders, we conclude that the trial court erroneously

4

granted Butler's motion to dismiss. Moreover, the trial court's error cannot be considered harmless as it denied the Gralias the opportunity to seek a determination of their claims against Butler on the merits.[2] As such, we reverse the trial court's order and remand to the trial court for further proceedings. On remand, the trial court should grant the Gralias an opportunity to respond to Butler's motion to dismiss before making any ruling on said motion.

The judgment of the trial court is reversed and remanded with instructions.

RILEY, J., and BROWN, J., concur.

---

[2] The Gralias could not, after dismissal, re-file the instant action because the statute of limitations has apparently run.