NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 9, 2015
Decided August 6, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3264

| | |
|---|---|
| MICHAEL B. WHARTON and WRAY L. FURGASON, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *Plaintiffs-Appellees*, | |
| *v.* | No. 1:12 CV 00738 |
| JAMES FURRER, | Mark J. Dinsmore, |
| *Defendant-Appellant*. | *Magistrate Judge*. |

**O R D E R**

Two technicians, Michael Wharton and Wray Furgason, were employed by Mr. Handyman, a single-member limited liability company. When they were not paid overtime, Wharton and Furgason sued Mr. Handyman and its sole member, James Furrer, for violating state and federal wage laws. After liability of Mr. Handyman had been determined on summary judgment, the case went to trial before a magistrate judge to decide the amount of damages owed to the plaintiffs. Individual liability of Furrer had not been determined. At trial and in their proposed findings of fact and conclusions of law, the plaintiffs argued that Furrer should be held jointly and severally liable with Mr. Handyman as an "employer" under the applicable state law. The defendants did not

contest this finding. Moreover, in their own proposed findings of fact, the defendants stated that Furrer *and* Mr. Handyman employed the plaintiffs and an award should be assessed against both. The magistrate judge found Furrer to be jointly and severally liable. We affirm.

## I.    BACKGROUND

This case came before the district court through two separate actions under the Fair Labor Standards Act (FLSA) and the Indiana Minimum Wage Law (IMWL). Michael Wharton and Wray Furgason worked for Proteus Pros, LLC, d/b/a Mr. Handyman ("Mr. Handyman") as technicians in 2011. They were not paid overtime despite working roughly 55 hours per week. James Furrer was the owner, sole member, and sole manager of Mr. Handyman. Wharton and Furgason each filed suit against Furrer and Mr. Handyman.

In an order granting partial summary judgment for Furgason (the "September 2013 order"), the district court dismissed Furgason's FLSA claims because Furgason stipulated that the FLSA did not apply to his case (Mr. Handyman did not generate enough annual sales to be covered by the FLSA). However, the court retained supplemental jurisdiction over the IMWL claims. The district court entered partial summary judgment for Furgason on the issue of whether Mr. Handyman violated the IMWL.

The district court later severed some of Wharton's claims and joined his case with Furgason's for purposes of determining liability under the IMWL. The joint cases went to trial before a magistrate judge on the issue of the extent of damages owed to the plaintiffs. The parties advised the judge at the beginning of trial that the issue of Furrer's liability as an individual defendant had not been decided.

In lieu of closing arguments, the parties submitted proposed findings of fact and conclusions of law. The plaintiffs proposed a finding that Furrer was an "employer" under the IMWL. They also proposed that Mr. Handyman and Furrer should be jointly and severally liable to the plaintiffs for various sums of money. The defendants' proposed findings defined the "Defendants" to include Mr. Handyman and Furrer. It said the plaintiffs were employed "by Defendants." It proposed a small sum of damages in favor of Wharton and "against Defendants." It did not differentiate between Mr. Handyman and Furrer in proposing the award and it did not propose a finding that Furrer was not an employer. Ultimately, the magistrate judge entered an order holding Mr. Handyman and Furrer jointly and severally liable for $19,200.50 to Furgason and

$8,154.50 to Wharton. Furrer appeals only the finding of personal liability against him.

## II.    ANALYSIS

In this appeal, Furrer argues that he cannot be held personally liable under the IMWL because he is not an "employer." He contends that there was no evidence supporting a finding that he was an "employer" in his individual capacity. He asserts that Mr. Handyman was the plaintiffs' employer, and he was simply the sole member and manager of this LLC. We review findings of fact entered after a bench trial for clear error. *Reynolds v. Tangherlini*, 737 F.3d 1093, 1104 (7th Cir. 2013). This same standard applies to the court's application of the law to the facts. *Id.* "Under the clear-error standard, we will not reverse unless, after reviewing all the evidence, we are left with 'the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). If the district court's conclusions are plausible in light of the record viewed in its entirety, then we will not disturb them. *Id.*

The IMWL provides that "no employer shall employ any employee for a work week longer than forty (40) hours unless the employee receives compensation for employment in excess of the hours above specified at a rate not less than one and one-half (1.5) times the regular rate at which the employee is employed." Ind. Code 22-2-2-4(k). It defines an "employer" as "any individual, partnership, association, limited liability company, corporation, business trust, the state, or other governmental agency or political subdivision during any work week in which they have two (2) or more employees." *Id.* at 22-2-2-3. The parties do not cite, and we have been unable to find, any Indiana cases interpreting what it means to be an "individual" "employer" under the IMWL.

Viewing the record in its entirety, we cannot say that the magistrate judge clearly erred in finding that Furrer was an "employer." First, the magistrate judge primarily based his finding on the defendants' own proposed findings of fact, which defined "Defendants" as Mr. Handyman *and* Furrer, said that the "Defendants" employed the plaintiffs, and proposed an award against both. In doing so, Furrer invited the judge to find that he was an "employer." A party cannot complain of errors which it committed, invited, induced the court to make, or to which it consented. *Weise v. United States*, 724 F.2d 587, 590 (7th Cir. 1984). "When error is invited, not even plain error permits reversal." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 609 (7th Cir. 2006). We have applied the invited error doctrine in both civil and criminal cases. *See id.*; *United States v. Muskovsky*, 863 F.2d 1319, 1329 (7th Cir. 1988). And we have applied it where the error

was invited through a party's elicitation of evidence during trial, *see Naeem*, 444 F.3d at 609, as well as through a party's submission of proposed jury instructions, *see Muskovsky*, 863 F.2d at 1329.

Furrer claims that it is "reach[ing]" to compare the submission of proposed findings of fact post-trial to the elicitation of evidence during trial, like in *Naeem*. The latter can be subjected to the invited error doctrine, but, in his view, the former cannot. He makes this claim without citation to any legal authority limiting the invited error doctrine in such a manner. Regardless, the invited error doctrine has been approvingly used by this court and others in circumstances where the error was not related to erroneous testimony or evidence. For example, in *Muskovsky*, we applied the invited error doctrine to prevent defendants from complaining of jury instructions which were substantially similar to the instructions they had submitted because we said that "if the district court's instruction was error, it was error that was invited by the Defendants." *Id.* at 1329. The submission of proposed findings of fact is analogous to the submission of proposed jury instructions. Neither submission is evidence, but a trial court uses each party's submissions to develop its final document. Here, any error in the magistrate judge's finding was invited by Furrer. Furrer cannot complain now that the judge made a finding that he requested. *See id.; see also Hydrite Chemical Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 891 (7th Cir. 1995) (applying the invited error doctrine to party's complaint about a "confusing" jury verdict form in a civil case that the complaining party proposed); *Hanks v. United States*, 388 F.2d 171, 173 (10th Cir.), *cert. denied*, 393 U.S. 863 (1968) (finding that where defense counsel requested, in the presence of the jury at trial, production of certain statements, but on appeal claimed the granting of that request constituted error, any error was invited by defense counsel and cannot be basis of complaint).

Furrer's primary retort to the invited error argument is that the doctrine of invited error should not be applicable to him because the plaintiffs have presented *no* evidence supporting a finding that he is an "employer." But that claim is an exaggeration. The plaintiffs presented some evidence that Furrer was an employer. Furrer identified himself as the person with operational control over the business. He had control over employment decisions, including hiring, firing, and wages. Wharton testified that Furrer set his weekly wage when Furrer hired him. Furrer testified that he made hiring and firing decisions and made the decisions regarding the plaintiffs' pay. Furrer also testified that he was the sole owner of Mr. Handyman, but when asked if the company's LLC status was still current, he said he had not checked. True, this evidence is consistent with the activities of a sole member and manager of a closely-held LLC. But it is also

consistent with the activities of an individual employer.

We note that Furrer argues the district court erred in saying that "Furrer does not contest the finding of liability against him made in the district court's order granting partial summary judgment [the September 2013 order]." It is true that the September 2013 order did not find that Furrer was *personally* liable; it found that Mr. Handyman was liable for violating the IMWL. The magistrate judge's statement may be a reference to the fact that at trial, the defendants did not contest the finding of liability generally, but instead were contesting the extent of damages. Regardless, any flaw in the comment was ultimately irrelevant, because the judge based his finding of personal liability for Furrer on Furrer's proposed findings of fact, not the September 2013 order. So any error here was harmless. *See Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1070 (7th Cir. 2013) (where a district court's erroneous finding of fact is ultimately irrelevant to a party's claim, any error is harmless).

We also observe that in *Meyers v. Meyers*, 861 N.E.2d 704 (Ind. 2007), the Indiana Supreme Court reversed the granting of the defendants' motion to dismiss where the plaintiff brought suit under the IMWL against a closely-held corporation and the individual shareholders of the corporation. The plaintiff alleged that the individual defendants and the corporation employed him. *Id.* at 708. The defendants responded by saying that the plaintiff was referring to the same employment situation and the plaintiff could not support a piercing of the corporate veil. *Id.* But the Indiana Supreme Court found that the defendants had not demonstrated that the plaintiff would not be able to recover from the individual defendants. *Id.* This ruling suggests that the Indiana Supreme Court does not think it unfathomable that an employee plaintiff could recover from both a company and the individuals who control a closely-held company under the IMWL.

But this is not the case to decide a novel question of Indiana law regarding when a sole member and manager of an LLC can be held jointly and severally liable as an "employer" under the IMWL. Instead, we base our conclusion on a determination that the magistrate judge's finding was not clearly erroneous, given Furrer's proposed findings of fact. Furrer cannot complain of a finding that he proposed.

### III.    CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.