

FILED

Sep 21 2018, 5:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT
GO PROPERTIES, LLC

Thomas M. Beeman
Alex Beeman
Beeman Law
Anderson, Indiana

ATTORNEYS FOR APPELLEES
BER ENTERPRISES, LLC, AND
NEW FIELD, LLC

Christopher E. Clark
Abaigeal F. Musser
Goodin Abernathy, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR FRANKLIN
AMERICAN MORTGAGE COMPANY

Angela Field Trapp
Trapp Law, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| GO Properties, LLC, and Maxim Alliance Group, LLC, | September 21, 2018 |
| *Appellants-Plaintiffs,* | Court of Appeals Case No. 18A-PL-176 |
| v. | Appeal from the Marion Superior Court |
| BER Enterprises, LLC; Mortgage Electronic Registration Systems, Inc., as Nominee for Franklin American Mortgage | The Honorable James A. Joven, Judge |
| | Trial Court Cause No. 49D13-1504-PL-12790 |

Company; New Field, LLC;
Elden Investments, LLC; and
Shannon R. Fawcett and
Roxanne G. Fawcett, Trustees of
the Shannon R. and Roxanne G.
Revocable Trust Agreement
dated 05/18/2017,

*Appellees-Defendants*

**Baker, Judge.**

[1] GO Properties, LLC (GO Properties) had two members that were, themselves, limited liability companies (LLCs). Stacy Phillips, who was the sole member of one of those LLCs, went rogue. She falsely held herself out as having the authority to act on behalf of GO Properties in an endeavor to sell real estate that belonged to the LLC. The title insurance agent relied on Phillips's representations and permitted the transaction to occur. Because Phillips had no actual or apparent authority to act on behalf of GO Properties, the deed was void. The real estate has since been sold again, but because the original deed was void, all future deeds are likewise void.

[2] GO Properties appeals the trial court's order granting summary judgment in favor of BER Enterprises, LLC (BER Enterprises), and New Field, LLC (New

Field) (collectively, the appellees),[1] on GO Properties' quiet title action. Finding that the trial court should have entered summary judgment in favor of GO Properties, we reverse and remand with instructions.

## Facts[2]

In February 2012, GO Properties was formed as an LLC in Indiana with two members: Olicorp Properties, LLC (Olicorp), and Gracie Properties, LLC (Gracie). Olicorp's sole member was Larry Oliver; Gracie's sole member was Phillips. Olicorp was the designated Member Manager of GO Properties and had the sole authority "to sign agreements and other instruments on behalf of Company without the signature and/or written consent of any other Member . . . ." Appellant's App. Vol. II p. 38-39. Neither Oliver nor Phillips was authorized, as an individual, to do any business on behalf of GO Properties.

On February 24, 2012, GO Properties purchased four parcels of real estate (the Properties) in Indianapolis from Maxim Alliance Group. To purchase the Properties, GO Properties executed a real estate mortgage, which was recorded on March 15, 2012.

On August 1, 2013, Phillips, without any authority under the GO Properties Operating Agreement and without notifying Oliver, filed a Notice of Change of

---

[1] Mortgage Electronic Registration Systems, Inc., as Nominee for Franklin American Mortgage Company, has also filed an Appellee's Brief in this matter, explaining that while the summary judgment order did not directly affect it, its interests align with BER Enterprises and New Field.

[2] We held oral argument in this case in Indianapolis on August 31, 2018.

Registered Officer or Registered Agent with the Indiana Secretary of State, which changed the registered agent from Olicorp to Gracie. She also filed a Notice of Change of Principal Office Address, which changed GO Properties' principal address from Olicorp's business address to Phillips's home address. Phillips handwrote her title as "Owner" of GO Properties on both documents. Appellant's App. Vol. III p. 95-96.

[6] Phillips then immediately began the process of selling the Properties to Elden Investments for $60,000. She hired Best Title Services (Best Title) to perform a title examination of the Properties. The title examination failed to reveal the existence of the real estate mortgage given to Maxim Alliance Group by GO Properties because the mortgage did not have a legal description for any of the Properties. Best Title relied on Phillips's representation that she was the owner of GO Properties as it conducted its examination and later acted as closing agent for the transaction. Specifically, Tim West, the owner of Best Title and the individual who conducted the examination and closing, attested as follows:

- "[I]t looked like to me that Stacy Phillips . . . , when she changed the address for the LLC to [her own address], and she represented herself as the owner, and the new registered agent was Gracie Properties . . . ." *Id.* at 111.
- It was "[c]orrect" that "the only thing in [West's] file right now to indicate that Stacy Phillips had operating authority to sell this property [was] her Secretary of State change of office address and her changing the registered agent to herself," as well as "her just telling [the title company employee] basically that she had the right to do this." *Id.*
- West did not rely on the Secretary of State documents; instead, he "was relying on the representations of Stacy Phillips." *Id.* at 112.

[7] The sale of the Properties closed on August 13, 2013. At the closing, Phillips, purportedly acting on behalf of GO Properties, conveyed the Properties to Elden Investments by way of warranty deed, which was recorded on August 22, 2013. Elden Investments quickly sold the Properties after obtaining the warranty deed; all the appellees (other than Elden) derived their title claims from later deeds stemming from Elden's sales.

[8] On April 16, 2015, GO Properties filed a complaint against the appellees seeking, among other things, to quiet title to the Properties. On October 14, 2016, BER Enterprises and New Field, which had each purchased one of the Properties from Elden Investments, filed a motion for summary judgment. On November 7, 2016, GO Properties filed a cross-motion for summary judgment. Following briefing and a hearing, on November 20, 2017, the trial court granted summary judgment in favor of BER Enterprises and New Field. In pertinent part, the trial court found and concluded as follows:

Findings of Fact

***

4.      On or about August 1, 2013, Gracie Properties was listed as the Registered Agent for GO Properties with the Indiana Secretary of State, with Phillips listed as Managing Member of GO Properties.

***

28.     GO Properties alleged that the transfer from GO Properties to Elden Investments is void ab initio, alleging that Phillips did not have authority to execute a deed for

GO Properties notwithstanding public documents to the contrary.

***

Conclusions of Law

***

1.     An unauthorized deed, or a deed made without the proper authority, is distinguishable from an inauthentic deed, and therefore should be treated as voidable.

***

10.    In this case, the problem with the transactions lay in Phillip's [sic] holding herself out as having the authority to sign the Deeds as a managing member of GO Properties. The falsity did not lie in the Deeds themselves. Publically [sic] available corporate documents served to support her misrepresentations. To all involved, Phillips appeared to have the authority to execute the instruments.

11.    Unlike cases involving forgery, the Deeds at issue were not documents made by a minor nor were they signed with a forged signature. Rather, Phillips misrepresented her authority within GO Properties. . . . [T]he Phillips[] misrepresentations did not make the Deeds executed . . . false, and thus the Deeds were not forgeries.

12.    . . . The desirability of stability and predictability in the field of property law must be considered by this Court. . . . Holding the Deeds here to be void would ultimately do more to undermine any dependability of the field of property law and harm buyers' trust in the recording system, than to resolve an unaddressed area of Indiana property law.

***

14. When a deed is procured by fraud, the grantee may still transfer good title to a bona fide purchaser for value.

\*\*\*

27. . . . BER Enterprises and New Field are bona fide purchasers for value.

\*\*\*

29. A voidable deed may be enforced by a bona fide purchaser for value.

\*\*\*

31. Accordingly, as bona fide purchasers of properties with unauthorized (voidable) deeds, title should be quieted in the name of BER Enterprises . . . and New Field . . . .

Appealed Order p. 6-11 (some internal citations omitted). GO Properties now appeals.

## Discussion and Decision

[9] GO Properties makes a number of arguments on appeal, one of which we find dispositive: the trial court erred by granting summary judgment in favor of BER Enterprises and New Field because the deeds are void.

[10] Our standard of review on summary judgment is well settled:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence

> of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

[11] The parties disagree as to whether Phillips had apparent authority to act on behalf of GO Properties.[3] Apparent authority is the authority that a third person reasonably believes an agent to possess because of some manifestation from the agent's principal. *E.g.*, *Rogers v. Sigma Chi Int'l Fraternity*, 9 N.E.3d 755, 764 (Ind. Ct. App. 2014). To find that a person had apparent authority to act for the principal, it is essential that there be some form of communication, direct or indirect, by the principal, which instills a reasonable belief in the mind of the third party. *Pepkowski v. Life of Ind. Ins. Co.*, 535 N.E.2d 1164, 1166 (Ind. 1989). Statements or manifestations made by the agent are not sufficient to create an apparent agency relationship. *Id.*

[12] Here, GO Properties made absolutely no direct or indirect statements indicating that Phillips had authority to act on its behalf. The Operating Agreement plainly states that Olicorp was the sole Member Manager. Neither Oliver and

---

[3] It is undisputed that Phillips did not have actual authority to convey the Properties to Elden Investments.

Phillips as individuals nor Gracie Properties as an entity was authorized to act on behalf of GO Properties.

[13] Moreover, the documents filed by Phillips with the Secretary of State do not amount to statements made by GO Properties that create an apparent agency relationship. Neither the location of a business's address nor the identity of that business's registered agent suffices to create apparent authority. *See, e.g.*, Ind. Code § 23-0.5-1.5-36 (explaining that a registered agent is merely a person or entity that is authorized "to receive service of any process, notice, or demand required or permitted by law to be served" on the principal). Nor would it be reasonable to conclude that Phillips's own handwritten designation of herself as "Owner" of GO Properties (she did not even bother to designate herself Member Manager) on the two forms constitutes a statement made by the principal bestowing her with apparent authority to act on its behalf. Appellant's App. Vol. III p. 95-96, 112 (West attesting that he did not rely on the Secretary of State forms because anyone can file such documents—"I can go record a shoestring, too").

[14] In any event, West explicitly attested that he relied on Phillips's own representations in concluding that she had authority to act on behalf of GO Properties. Appellant's App. Vol. III p. 112. As noted above, to find apparent authority, there must be statements or manifestations made by the principal instilling a reasonable belief in the mind of the third party. *E.g.*, *Gallant Ins. Co. v. Isaac*, 751 N.E.2d 672, 677 (Ind. 2001). Here, there were no such statements and West explicitly testified that he relied only on Phillips herself. Under these

circumstances, we can only conclude that Phillips did not have apparent authority to act on behalf of GO Properties.

[15] At the trial court's request, GO Properties provided examples of underwriting standards for title insurance. Among other things, to insure title from an LLC, it is necessary to obtain a copy of the LLC's operating agreement, any and all amendments thereto, and a certificate that the operating agreement is a true and correct copy of the agreement in effect at the time of the sale. Appellant's App. Vol. IV p. 71. This practice is wise because it protects *both* the other members of the LLC *and* all future purchasers of the property. Had this practice been observed in this case, neither the original nor subsequent transactions would have occurred.[4]

[16] In sum, Phillips did not have actual or apparent authority to sell the Properties on behalf of GO Properties. As a result, the original sale of the Properties to Elden Investments was void.[5] Because the deed that Phillips executed on behalf of GO Properties was void, all future conveyances of the Properties were likewise void. Therefore, the trial court erred by entering summary judgment in

---

[4] West attested that he believed that he reviewed GO Properties' Operating Agreement but did not retain a copy of the agreement in his file. Appellant's App. Vol. III p. 111. He also stated that he believed he would have seen an agreement or resolution bestowing Phillips with the authority to engage in the transaction on behalf of GO Properties, but no such document has been produced. *Id.* at 111-12. As Olicorp was the only other member of GO Properties and did not ever execute such a resolution, the only reasonable conclusion is that no such resolution existed.

[5] At oral argument, counsel for appellees argued that because more sales of the Properties have occurred, we should not find the transaction(s) void. But we decline to find that multiple transactions stemming from a void deed can cleanse that deed—or themselves—of the original voidness.

favor of BER Enterprises and New Field and by denying GO Properties' summary judgment motion.

[17]     The judgment of the trial court is reversed and remanded with instructions to enter judgment in favor of GO Properties.

May, J., and Robb, J., concur.